THE STATE v. O'CONNOR, APPELLANT.

1. **Criminal Practice:** ABSENT WITNESS. The defendant in a criminal case, by reading to the jury an agreed statement of what would be the testimony of an absent witness, who has been duly subpœned on his behalf, waives his right to have the witness personally present.

2. ———: OBJECTIONS TO EVIDENCE. It is the duty of the court to see that innocent men are not convicted of crime; and, therefore, if improper evidence is offered by the State in a criminal case, the court must exclude it, whether proper objections are made on behalf of the defendant or not.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

*J. L. Smith,* Attorney General, for the State.

HENRY, J.—Defendant asked for an attachment against a witness who had been subpœned in his behalf, whereupon the prosecuting attorney proposed to admit as evidence a statement of what would be testified to by West, the witness, to be prepared by defendant's counsel, and thereupon the trial proceeded. The statement of what West would testify to, prepared by defendant's attorney, was by the defendant read in evidence to the jury. There is nothing in the record showing that his application for an attachment was refused, or that defendant was compelled to proceed with the trial without the presence of West; on the contrary, it appears that defendant voluntarily went to trial.

On the trial of the cause, against defendant's objection, the sheriff of the county was by the court permitted to testify that "in December, 1876, when he took charge of the jail, the defendant was in jail under the name of Charles Howard, on a charge of petit larceny." The indictment was found on the 16th of March, 1877, and it may be that the sheriff's testimony related to the very offense for which the defendant was indicted, although he speaks of the charge as petit larceny, and the indictment was for grand larceny; but it is not improbable, nor can we assume the contrary, that the offense for which he was in jail, was another and different offense. The evidence was irrelevant and incompetent if it related to any other offense than that for which he was indicted, and, as we cannot say that it did not relate to another and distinct offense, it was error to admit the evidence.

The State contends that as the objection to the evidence was not specific, but general, it cannot be considered by this court. That such is the rule in civil proceeding has

been held in many cases in this State; but does it obtain, on the contrary, are there not good reasons why it should not obtain in criminal cases? It is the duty of the court to see that innocent men are not convicted. It has often been held that the court is counsel for the accused; at all events, such is the interest of the State that none but the guilty should be confined on criminal charges, that the court should exclude from the jury, all improper evidence against the accused, whether the objection be general or special. Even in civil proceedings, when, as in this case, the irrelevancy and incompetency of the evidence is at once apparent, there is no good reason for the application of the rule requiring specific objections to the testimony. The judgment is reversed and the cause remanded. All concur.

REVERSED.