## THE STATE v. HATFIELD, *Appellant.*

1. **An Indictment** for rape, held sufficient.

2. **Practice**: ATTACHMENT FOR WITNESSES. A court commits no error in refusing to issue an attachment for witnesses, where it appears that if issued it could not be served during the term, nor in refusing to await service of an attachment when the witness is too sick to be brought into court, nor where, by consent of opposing counsel, a statement of what the witness, if present, would swear to is read to the jury as his testimony.

3. **Continuance**: WITNESS. An application for continuance on the

ground of absence of a witness, is properly refused, if the adverse party will admit that a statement prepared by the party applying may be read to the jury as truly setting forth what the witness, if present, would swear.

4. **Rape**: EVIDENCE: PRACTICE. Upon trial of an indictment for rape, the prosecutrix stated the substance of the vulgar language used by defendant in making his assault upon her, and another witness stated the exact words. The court refused to compel the prosecutrix to state the exact words. *Held*, no error.

5. **Evidence.** Where statements previously made by a prosecuting witness are introduced in evidence against her, other statements made by her may be introduced by the State in support of her testimony.

6. **Practice**: EVIDENCE. Where it does not appear from anything in the record that testimony offered after the close of the evidence was material, this court cannot say that the trial court has abused its discretion in refusing to open the case in order to let in the testimony.

*Appeal from Dallas Circuit Court.* — HON. R. W. FYANN, Judge.

AFFIRMED.

The indictment was as follows: The grand jurors for the State of Missouri, summoned from the body of Dallas county, empanelled, charged and sworn, upon their oaths present that William Hatfield, late of the county aforesaid, on the 17th day of October, 1878, at the said county of Dallas, State aforesaid, did, in and upon a certain woman, viz: one C. D., unlawfully, violently, forcibly, willfully and feloniously, make an assault, and her, the said C. D., then and there, in the said county of Dallas, unlawfully, violently, willfully and feloniously, and against her will, feloniously ravish and carnally know her, the said C. D., contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

*Smith* and *Brush* for appellant.

*J. L. Smith*, Attorney-General, for the State.

NORTON, J.—Defendant was indicted at the April term, 1879, of the Dallas county circuit court, in which he was charged with the crime of rape, and of which he was convicted at the October term, 1879, of said court, and his punishment assessed at five years imprisonment in the penitentiary. The cause is here on his appeal.

I.   The motion to quash the indictment was properly overruled, as it sufficiently alleges every fact necessary under the statute to constitute the crime therein charged.

II.   The court did not err in declining to issue attachments, as prayed for by defendant, for witnesses Brown and Conn, inasmuch as it appeared to the court that if issued they could not have been served at that term of the court, and would have been ineffectual in accomplishing the purpose they were designed for, viz: to bring the absent witnesses to court during the term.

Nor was any error committed in refusing to await the execution of an attachment which had been issued for Mrs. Wheeler, as it appeared from a return made upon it that she was too sick at her home to be brought into court. Nothing could have been accomplished by waiting. Besides this, the defendant had the full benefit of what he expected to prove by these witnesses. In his two applications for continuances based on their absence, he set out fully what they would swear to if present, and it was admitted by the attorney for the State that such would be their evidence if called as witnesses.

III.   This admission having been made by the prosecuting attorney, it afforded a sufficient reason for the action of the court in refusing the continuance. *State v. Miller*, 67 Mo. 604.

IV.   The action of the court in refusing to compel the prosecuting witness, upon whom the rape was charged to have been committed, to state the exact vulgar language used by defendant in his assault upon her, affords no ground for a reversal of the judgment, inasmuch as the court did

require her to give the substance of what he said, and as the exact language was given to the jury by another witness.

V. Defendant having introduced evidence in regard to statements made by the prosecutrix shortly after the alleged rape upon her occurred, the State, over the objection of defendant, cross-examined the witness fully in regard to all that was said, and also examined another witness as to statements made by her concerning the particulars attending the transaction. We can perceive no other reason for the introduction of such evidence on the part of defendant, except to impeach the evidence which the prosecutrix had given, and in such case it was competent for the State to introduce other evidence of statements made by her giving a particular account of what occurred. *State v. Jones*, 61 Mo. 232; 4 Black. Com., 213.

VI. After the close of the evidence the court refused to open up the case for the introduction by defendant of two witnesses, and this is urged as error. It not appearing from the record that the evidence of these witnesses was material, we cannot say that the court abused the discretion it was invested with, of reopening the case, and will not, therefore, interfere.

VII. The various objections urged to the instructions are not well founded, and we deem it unnecessary to charterize the instructions that were given, further than to say that when considered together they presented fully and fairly the law applicable to the case, and as the evidence sustains the verdict, we hereby affirm the judgment. All concur.