THE STATE v. HICKMAN, *Appellant.*

1. **Criminal Law**: ABSENT WITNESS: CONTINUANCE. The statute which enables the prosecution to force the accused to trial notwithstanding the absence of a witness, by admitting that if present the witness would testify as stated in the application of the accused for a continuance, (R. S. 1879, § 1886,) can only be invoked by the State after the accused, by exercising reasonable diligence, shall have unsuccessfully employed the power of the court to secure the personal presence of such of his witnesses as may be within the reach of its process. It does not apply to a case where a subpœna has been seasonably issued, but for want of time has not been returned. See *The State v. Underwood, ante,* p. 230.

2. ——— : ——— : IMPEACHING EVIDENCE. In a criminal case, when the prosecution, in order to avoid a continuance, has admitted that an absent witness if present would give testimony as stated in defendant's application for a continuance, evidence will not be received, by way of impeaching such testimony, that the witness has made a contradictory statement.

3. ——— : EVIDENCE: STATEMENT OF CONFEDERATE. Statements made by one jointly indicted with the defendant, long after the commis-

sion of the alleged offense, and not in the presence of the defendant, are not admissible against him.

*Appeal from Bates Circuit Court.*—HON. JAMES B. GANTT,
Judge.

REVERSED.

*Parkinson & Abernathy* for appellant.

The action of the court below in overruling the two motions for continuance, (*vide* Rec. pp. 13 and 17,) and compelling appellant to trial on the day after arraignment and before a reasonable time had elapsed for the return of process for certain witnesses within the jurisdiction of the court, is a literal application of the statute of continuances (§ 1886), but is subversive of the guaranty contained in section 22 of article 2 of the constitution of Missouri, and is or may become as administered and applied in this case a violation of article 3. *Goodman v. State,* Meigs (Tenn.) 195; *Dominger v. State,* 7 Sm. & M. 475; 2 Story's Const., (2 Ed.) §§ 1792, 1794; *People v. Diaz,* 6 Cal. 248; *Hyde v. State,* 16 Texas 445; *Van Meter v. People,* 60 Ill. 168; *Att'y Gen. v Eau Claire,* 37 Wis. 400; *McCabe v. Mazzuchelli,* 13 Wis. 478; *Wassels v. State,* 26 Ind. 30. The interpretation given of the act of 1875 in *State v. Miller,* 67 Mo. 604, and followed in *State v. Hatfield,* 72 Mo. 518, and doublingly followed in *State v. Underwood, ante,* p. 230, is an interpretation of an affirmative statute—a statute too, that may well be regarded as simply declaratory of a general power inherent in all trial courts. But section 1886 is a statute couched in negative phrase. Potter's Dwarris, pp. 70, 71, 79. If it be granted, however, that section 1886 although a negative statute is (under Cokes exceptions, Potter Dwarris See., pp. 71, 72,) simply declaratory of a judicial power always existing in trial courts on matters of continuance, it may and should be so construed as to be

27—75

made effective within constitutional limits and the settled course of criminal courts, and void only so far as any of its provisions or its administration contravenes the constitutional rights of a defendant; (*State v. Clark*, 54 Mo. 17; *Neènan v. Smith*, 50 Mo. 525; *Connor v. Chic., R. I. & Pac. R. R. Co.*, 59 Mo. 285; *State v. Diveling*, 66 Mo. 375;) and so construing it, the action of the court below is reviewable, and the facts show that the continuance should have been granted. *State v. Wood*, 68 Mo. 444.

*D. H. McIntyre* Attorney General, for the State.

HOUGH, J.—Pending a preliminary examination before a justice of the peace in Bates county, for the crime of grand larceny, the defendant was, on the 18th day of March, 1882, indicted in the Bates circuit court for the same offense with which he was charged before the justice. On the 27th day of March, 1882, he was arraigned and pleaded not guilty. On the day following, his case was called for trial, whereupon he made an application for a continuance on the ground of the absence, among others, of several witnesses, who resided in Miller county, for whom subpœnas had been issued and mailed to the sheriff of said county on the 23rd day of March, 1882, but which had not been returned, sufficient time not having elapsed for their service and return. The prosecuting attorney admitted that the absent witnesses would if present testify to the facts which the defendant in his application for a continuance stated he expected to be able to prove by them, and the application for a continuance was thereupon overruled, and the defendant was forced to go to trial, and was convicted and sentenced to three years' imprisonment in the penitentiary. The statement in the affidavit of what the absent witnesses would swear to if present, was read at the trial on behalf of the defendant. The State was permitted to prove, against the objection of the defendant, that one of defendant's absent witnesses had made state-

ments in contradiction of the facts which the prosecuting attorney had admitted said absent witness would swear to if present. The circuit court also permitted the State to introduce evidence of the declarations of one Reed, who was jointly indicted with defendant, made in the absence of defendant and long after the date of the alleged larceny.

Process for the defendant's witnesses having been seasonably issued, we think the circuit court erred in compelling him to go to trial before the same was returned, there being nothing in the application for a continuance, or in the record before us, indicating that the subpœnas had not been issued in good faith or that the same could not be served. Section 22, article 11 of the constitution, provides that in all criminal prosecutions the accused "shall have process to compel the attendance of witnesses in his behalf," and in pursuance of this provision it has been enacted by the legislature that "every person indicted or prosecuted for a criminal offense shall be entitled to subpœnas and compulsory process for witnesses in his behalf." R. S. 1879, § 1848. Section 1886, Revised Statutes, which provides that when the prosecuting attorney will consent that on the trial the facts set out in the affidavit, which the party asking for continuance expects to prove by the absent witness, shall be taken as and for the testimony of such witness, the trial shall not be postponed on account of the absence of such witness, was never intended to deprive the accused of his constitutional and statutory right to have compulsory process for his witnesses. This section can only be invoked by the State after the accused, by exercising reasonable diligence, shall have unsuccessfully employed the power of the court to secure the personal presence of such of his witnesses as may be within the reach of its process. He is entitled to a reasonable time to have a subpœna which has been seasonably issued, served and returned, and if the witness be found and fail to attend, he is entitled to an attachment to compel his attendance; if the attachment prove unavailing

*Marginal note:* 1. CRIMINAL LAW: absent witness: continuance.

and the defendant thereupon applies for a continuance, the State may then prevent a further delay in the trial by consenting that the facts which the absent witness is expected to prove, and which are set out in said application shall be taken and received by the court or jury trying the cause as the testimony of such absent witness. *State v. Roark*, 23 Kas. 147.

That we have given this section its true scope and proper application is quite manifest when we consider that it was obviously intended to prevent a continuance of the cause, which but for this section, it would be the duty of the court to grant. If the defendant failed to show in his application for a continuance a reasonable and proper degree of diligence by the use of the process of the court and otherwise, to procure the attendance of his witnesses, he would be compelled to go to trial notwithstanding their absence and without any admission on the part of the State as to what they would swear if present. It is only where a good ground for a continuance has been shown that the admission provided for in this section can be made and the trial proceed without the consent of defendant. *State v. O'Connor*, 65 Mo. 374. And a good ground for a continuance on account of the absence of witnesses, who are within reach of the process of the court can only be shown when the process of the court has been unavailingly employed to compel their attendance, or when it is perfectly manifest to the court that such process, if issued, would be unavailing. *State v. Hatfield*, 72 Mo. 518.

The court erred in permitting the State to prove the statements of the absent witness in contradiction of the 2. ———:———: facts which it was admitted such absent wit-
impeaching evi-
dence. ness would swear to if present. The statute in relation to continuances in civil cases provides that when one party admits that an absent witness would, if present, swear to the facts set out in the affidavit for a continuance, he may disprove such facts, " or prove any contradictory statement made by such absent witness in relation to the

The State v. Hickman.

matter in issue and on trial." R. S., § 3596. But there is a very marked difference between the phraseology of this section and that of the corresponding provision relating to criminal cases found in section 1886, and applicable to the case at bar. This section provides that the facts which it is admitted the absent witness would swear to, if present, "may be contradicted by other evidence, and the general reputation of such witness may be impeached as in the case of other witnesses who testify orally or by deposition." What "other evidence" is here meant? Plainly, other competent evidence, and evidence of contradictory statements is only admissible when a proper foundation has been laid for its introduction. No such foundation was or could be laid, in the case before us, and the contradictory statements of the absent witness should not, therefore, have been admitted in evidence.

The circuit court also erred in admitting the declarations of Reed, heretofore referred to. They had no mate-

3. ——: evidence: statement of confederate.

rial bearing upon the question of the guilt or innocence of the defendant, and even if relevant they were made long after the time when the alleged larceny was committed, and in the absence of the appellant. *State v. Ross,* 29 Mo. 32; *State v. Duncan,* 64 Mo. 262.

For the foregoing reasons the judgment of the circuit court will be reversed and the cause remanded. NORTON, J., absent; HENRY and RAY, JJ., concur; SHERWOOD, C. J., concurs in the result.