## THE STATE v. LETT, *Appellant.*

1. **Practice, Criminal** : CONTINUANCE. An application for continuance under Revised Statutes, section 1884, which states the facts defendant expects to prove by the absent witnesses, but fails to state that he is unable to prove them by any other witness whose testimony could be as easily procured, is fatally defective and should be denied.

2. ———: EVIDENCE. Defendant in a criminal case cannot complain of an error in the admission of evidence in his own favor.

3. ———: ———: OBJECTION. The Supreme Court will not pass upon the admissibility of evidence where the record shows that it was received without objection.

4. ———: ———. It is competent for the state in a criminal prosecution to offer evidence for the purpose of identifying the instrument with which the crime was committed, and failing in this, to withdraw the evidence, in a case where it is immaterial and not prejudicial to the defendant.

5. ———: INSTRUCTION. It is proper to instruct the jury that if a witness wilfully swears falsely to any material fact in the case, they may disregard his entire testimony, but this rule cannot be applied to a case of mere mistake on the part of the witness.

*Appeal from Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*J. W. Sebree* for appellant.

The court erred in overruling defendant's application for continuance. *State v. Woods*, 68 Mo. 444, *et seq.* The state had no right to admit what the absent witnesses would swear to, if present. *State v. Hickman*, 75 Mo. 416; *Chambers v. Smith*, 30 Mo. 156. Instruction number seven, given for the state, was erroneous in telling the jury they might disregard the whole of the testimony of any witness who had sworn falsely. The word *wilful* should have been in the instruction. *State v.*

*Elkins*, 63 Mo. 163, 167. The facts in this case did not justify an instruction on the subject of credibility of witnesses. *Railroad v. Murdock*, 62 Mo. 74; *White v. Maxey*, 64 Mo. 559; *Nichols v. Winfrey*, 79 Mo. 551. The court should have instructed the jury that Davis' testimony could only be received as contradictory. *State v. Swain*, 68 Mo. 615. The testimony of Bryant as to seeing defendant in the saloon with a knife an hour before the difficulty, was illegal, and no part of the *res gestæ*. *State v. Evans*, 65 Mo. 579; *State v. Adams*, 76 Mo. 376; *State v. Guy*, 69 Mo. 430. This testimony could not be withdrawn by instruction. *State v. Blan*, 69 Mo. 324; *State v. Rothchild*, 68 Mo. 55. The expert testimony of Dr. Waggoner was illegal. It was the duty of the court to instruct the jury upon the whole case, whether the defendant asked it or not. *State v. Banks*, 73 Mo. 596. The indictment charges that the knife was a deadly weapon and it devolved upon the state to prove it. *Carrico v. State*, 11 Mo. 580; *State v. Nueslein*, 25 Mo. 111. The verdict of the jury ought to show of what degree of assault to kill they found defendant guilty. R. S., sec. 1927. The record does not show that defendant was in court to make his challenges to the grand jury which found a true bill against him. R. S., sec. 1772; Bishop on Crim., sec. 745, p. 746, note 1.

*B. G. Boone*, Attorney General, for the state.

(1) Defendant's application for continuance was defective in failing to state that he was unable to prove the facts therein contained by any other witness whose testimony could be as readily procured. R. S., sec. 1884. It was properly overruled. (2) The refusal of the court to grant a continuance, not being relied on in the motion for a new trial, will not be reviewed by this court. *State v. Mann*, 83 Mo. 589. (3) The court did not err in admitting the testimony of the witness, Charles Davis, contradicting or impeaching the state-

ment of Montgomery. The affidavit was a sufficient foundation for its introduction. *State v. Miller*, 67 Mo. 608; *State v. Mann, supra.* (4) The court did not err in selecting bystanders to fill vacancies on the grand jury. Section 1771, R. S., 1879, page 300. From the whole record in this case it appears that the defendant had a fair trial and the conviction was proper.

NORTON, J.—The defendant was indicted in the circuit court of Carroll county, at its December term, 1884, under section 1262, Revised Statutes, for an assault to kill one Jacob Koons. The indictment was returned on the fifth day of December, 1884, and the trial had on the eleventh day of the same month, resulting in the conviction and sentence of defendant to the penitentiary for the term of six years, from which judgment defendant has appealed to this court.

The first error assigned is, the action of the court in overruling defendant's application for a continuance. It is provided by section 1884, Revised Statutes, that an application for continuance, which is based upon the absence of material witnesses, must state, among other things, "what facts he believes the witness will prove, * * * and that he is unable to prove such facts by any other witness whose testimony can be as readily procured." The affidavit of defendant filed in support of his motion for continuance, while it states what facts he expected to prove by the absent witness, is fatally defective in not containing the further statement, required by the statute, that he was unable to prove such facts by any other witness whose testimony could be as readily procured, and for this reason, if for no other, the application was properly overruled. Notwithstanding it has been held by this court in the cases of *State v. O'Connor*, 65 Mo. 374, and *State v. Hickman*, 75 Mo. 416, that it is only when a good ground for continuance has been shown that the admission of the prosecuting attorney that the facts set out in the application shall be taken and

received by the court and jury as the testimony of such absent witness, can be made, and the trial proceeded with, without the consent of the defendant, still in this case the admission was made, and defendant on the trial had the benefit of it, though not entitled to it, under said rulings, his application, as we have seen, being fatally defective. This, however, was an error against the state and in defendant's favor, of which he cannot complain.

It is also insisted that the court erred in allowing a witness to state that defendant, about an hour before the difficulty in which Koons was cut, was seen in a saloon with a knife, and said he was going to cut some one with it. It is sufficient to say of this objection that the record shows, and so states that this evidence was received without objection. It is not objected that the court erred in allowing witness, Davis, to testify that a knife which he exhibited in court was handed him by a Mr. Wilson, who told him he picked it up east of the place where the difficulty occurred, soon after it occurred. Wilson was then called, who stated that he did pick up the knife at the place and time mentioned by Davis. The state being unable to identify the knife as the property of the defendant, withdrew the evidence by permission of the court, and the court, at the instance of the defendant, instructed the jury that the evidence was not before them for consideration. It was perfectly competent for the state to offer the above evidence, with the view of showing that the said knife was the property of the accused, and, failing in this, to withdraw the evidence. The evidence of Dr. Waggoner shows that Koons was cut in the groin, that the cut was about three inches long, went into the hollow and that his entrails protruded through it. Whether such cut was inflicted with the particular knife to which the evidence related, or some other, was of no consequence, and we cannot see how the admission made by the state that it had failed

to prove that the said knife was the property of defendant, could possibly have prejudiced him.

It is also insisted that the court erred in allowing the state to call one Davis to contradict the statement of one Montgomery read to the jury from defendant's application for a continuance. It will be sufficient to say of this, that the evidence of Davis did not contradict the statement of Montgomery, but in fact corroborated it, and if error was committed in allowing Davis to be called for that purpose, the evidence actually given was not prejudicial, but beneficial to defendant.

The instructions given by the court are such as have received the repeated sanction of this court, and, for that reason, need not be more particularly specified. In the seventh instruction the jury are told that if they believe any witness has testified falsely to any material fact they were at liberty to disregard the whole or any part of the evidence of such witness. We are cited to the case of *State v. Elkins*, 63 Mo. 159, as condemning such an instruction, as the one above noted. In the case cited, the jury were told that if they believed any of the witnesses swore falsely, "or were mistaken" as to any fact, they were at liberty to disregard the whole or any part of such evidence. This instruction was condemned on the express ground that it contained the words, "or were mistaken," the court observing that the doctrine is well settled, that when "a witness wilfully swears to a falsehood, his entire testimony may be disregarded. * * * But this was never applied to a case of mere mistake. Men of the greatest uprightness, and of the most unquestionable veracity are frequently mistaken, and yet no one would ever think of disregarding or setting aside their entire testimony on that account."

Perceiving no reversible error in the record, the judgment is affirmed. All concur.