THE STATE v. ANDREW, *Appellant.*

1. **Practice, Criminal**: CHANGE OF VENUE. A change of venue for prejudice of the inhabitants may be awarded in a criminal case, without previous arraignment of the prisoner.

2. ———: TWO INDICTMENTS FOR SAME OFFENSE. The fact that two indictments have been found against the prisoner for the same offense, will be no bar to his trial upon one of them, if the other is dismissed before the trial takes place.

3. ———: CONTINUANCE. If no attachment has been taken out for a witness who has been duly subpœnaed, a continuance cannot be granted on account of his absence.

4. **Murder**: "DELIBERATELY:" "COOL STATE OF THE BLOOD." The court again approves the definitions heretofore given of these terms.

5. ———. The evidence in this case warranted the trial court in giving instructions as to murder in the second degree.

| 76  | 101 |
| 100 | 672 |
| 76  | 101 |
| 121 | 146 |
| 76  | 101 |
| 126 | 596 |
| 76  | 101 |
| 147 | 555 |
| 76  | 101 |
| 153 | 556 |
| 76  | 101 |
| f156 | 212 |
| 76  | 101 |
| f158 | 584 |
| 76  | 101 |
| 162 | 677 |
| 76  | 101 |
| 167 | 297 |

6.  ——— : " HEAT OF PASSION." The courts should not use this expres
sion in instructions without explaining its technical meaning.

*Appeal from Douglas Circuit Court.*—HON. R. W. FYAN,
Judge.

AFFIRMED.

*Boyd & Vaughan, T. H. Musick* and *Joseph Wisby* for
appellant.

*D. H. McIntyre,* Attorney General, for the State.

HENRY, J.—The defendant was indicted at the August
term, 1880, of the Douglas circuit court for the murder of
one Sampson Maggard, on the 23rd day of June, 1880.
On his application a change of venue was awarded to the
circuit court of Webster county, in which he was arraigned
at the March term, 1882, and pleaded to the jurisdiction of
the court, alleging that the change of venue was awarded
before he was arraigned in the Douglas circuit court, and
not on his application, and because the Douglas circuit
court was not then legally organized, not having adjourned
to a day certain after its adjournment on the 16th day of
August, 1880. His plea to the jurisdiction was not sus-
tained, and thereupon the defendant pleaded not guilty,
and a trial was had, which resulted in his conviction of
murder in the second degree, and his punishment assessed
at imprisonment in the penitentiary for a term of fifteen
years. From the judgment he has appealed.

The record contradicted the plea to the jurisdiction in
every allegation, except that the change of venue was
1. PRACTICE, CRIM-   awarded before the defendant was arraigned.
INAL: change of
venue.  ·     The 16th section of Wagner's Statutes, 1097,
provides, that a change of venue may be granted, whenever
it shall appear in the manner provided in subsequent sec-
tions, " that the minds of the inhabitants of the county in
which the cause is pending, are so prejudiced against the

defendant, that a fair trial cannot be had therein." This was the ground alleged in defendant's application, and nothing in the above or any other section, forbids the application for, or award of, a change of venue before the arraignment.

Two indictments were preferred against defendant for the same homicide, but the first was dismissed before the trial of defendant on the second, and it was not error to try him on the second. *State v. Eaton*, 75 Mo. 586.

2. ——: two indictments for same offense.

Defendant applied for a continuance on account of the absence of a witness, his daughter, and the prosecuting attorney thereupon admitted that, if present, she would testify to the facts which, in his affidavit, defendant stated he expected to prove by her, whereupon the court overruled the application. A second application was made on account of the absence of witnesses, all of whom had been served with subpœnas to attend at that term of court, and the subpœnas had been returned so served, and yet defendant asked no attachment to compel their attendance, and we think no error was committed in overruling either of the motions. Mary F. Turner, the witness named in the first application, was present and testified in the cause, and the defendant should have asked for attachments against the witnesses mentioned in his second affidavit. *State v. Hickman*, 75 Mo. 416.

3. ——: continuance

The testimony on the part of the State was to the effect, that defendant, prior to the homicide, had made repeated threats against the deceased, who was his son-in-law, and whom he charged with neglect of his daughter; that he went to deceased's house, called him out, and after walking with him a short distance, drew his pistol and shot him. For the defense, there was proof of threats made by deceased against defendant's life, as recently as the day before he was killed; that after he was killed, his pistol was found on the ground under his body ; and defendant

testified that he went to the house of deceased with no purpose to injure him, and that deceased walked with him a short distance from the house, and abusing him, told him to prepare to defend himself, at the time drawing his pistol from the scabbard; that defendant then drew his and it went off and shot deceased; did not know whether he cocked it or his thumb slipped off and it fired. There was also testimony to the effect, that one of the State's witnesses, whose testimony was very damaging to the accused, endeavored, after the homicide, to hide the deceased's pistol, and thus destroy the force of the testimony for defendant, that it was found under his body when he was moved to his house.

The usual instructions with regard to murder in the first degree were given by the court, and the only objection

4. MURDER: "de- urged against them is, that the word "delib-
liberation:" "cool
stateoftheblood" erately" was improperly defined, as follows: " Deliberately means thought of beforehand; that the killing was done in a cool state of the blood." This is inaccurate, and the error, if defendant had been convicted of murder of the first degree, would warrant a reversal of the judgment. This court has so often, and recently, discussed the question involved in the definition of the term " deliberately," and the phrase, "cool state of the blood,' that we deem it only necessary to refer to those cases. *State v. Wieners,* 66 Mo. 13; *State v. Curtis,* 70 Mo. 594; *State v. Kotovsky,* 74 Mo. 249; *State v. Ellis,* 74 Mo. 219; *State v. Ward,* 74 Mo. 256.

The instruction in relation to murder of the second degree is objected to, on the ground that there was no evi-

5. ——. dence to support it. The evidence of recent threats made by deceased against defendant—that his pistol was found under his body after he was killed—the effort of the principal witness for the State, who was present and witnessed the homicide, to conceal the pistol, in connection with the testimony of the accused, warranted the court in giving that instruction.

The fifth for the State is open to criticism. By that instruction the jury was told, that if defendant killed Maggard in a heat of passion, in obedience to a sudden impulse, engendered by a real or supposed grievance, and not for pre-existing revenge, and without deliberation, they should find him guilty of murder in the second degree. The phrase " heat of passion," could not have been understood by jurors unacquainted with its technical meaning in its technical but only in its ordinary sense; and if, in the state of mind which that expression indicates as commonly understood, defendant, obeying an impulse to kill, suddenly engendered by a real or supposed grievance, however insignificant, whether real or not, took the life of deceased, he was only guilty of murder in the second degree under that instruction. This is not the law, and was far more favorable to the defendant than would have been the law properly declared. While the provocation which reduces a homicide from the first to the second degree of murder need not be such as, at common law, was deemed lawful provocation, it certainly, whether real or supposed, must be adequate to produce the passion which is allowed to mitigate the offense and reduce it from the first to the second degree of murder. We think the defendant fortunate in having escaped a conviction of murder in the first degree. The jury might have found him guilty of that degree, without exciting any, the least suspicion, that their verdict was prompted by prejudice or passion. All concurring, the judgment is affirmed.

6. ———: "heat of passion."