THE STATE V. HARKINS, *Appellant.*

1. **Practice**: TERMS OF COURT : STATUTE. Section 1042, Revised Statutes of 1879, providing that if any court shall not be held on the first day of the term it shall stand adjourned from day to day until the evening of the third day, applies to special terms of court as well as to regular terms.

2. ————— : PRESUMPTION. The appellate court will indulge all reasonably favorable presumptions in favor of the action of the trial court.

The State v. Harkins.

3.  ———— : ———— : MEANING OF ORDINARY WORDS : "WILFULLY" AND "MALICIOUSLY." Jurors of ordinary intelligence will be presumed conversant with the meaning of ordinary words such as "wilfully" and "maliciously" especially where they are used only in their every-day meaning and not in a strictly technical sense.

4.  ———— : ACCOMPLICE, EVIDENCE OF : INSTRUCTION. An instruction for the state which declares in substance that the uncorroborated testimony of an accomplice is sufficient to support a conviction, if believed by the jury, and it is sufficient to establish the guilt of the accused, when taken in connection with one for the defendant telling the jury that such uncorroborated testimony ought to be received with great caution and they should not convict upon it unless fully satisfied of its truth, properly declares the law.

5.  ———— : IMPROPER REMARKS OF COUNSEL. Where improper remarks were made in argument by counsel in the absence of the judge, so that no exceptions could be saved to them, it will be necessary to establish in some appropriate way that they were made in order that they may be reviewed by the appellate court.

*Appeal from Ozark Circuit Court.*—HON. JOHN F. HALE, Judge.

AFFIRMED.

*Orr & Davis* for appellant.

(1) Instruction number 1 contains the words "wilfully" and "maliciously" which are not defined or explained in any of the instructions given. (2) The prosecuting attorney in his closing argument to the jury, and while the judge was absent from the court room, said : "When this offense was reported to me as the prosecuting officer of your county, I investigated the matter and became thoroughly satisfied of the guilt of the defendant Harkins ; I discharged Carroll because I knew that he was under Harkins' control, and that Harkins was the man who had hired him to do the burning." "I say that Bud Taylor stands as high in the community in which he resides as any man in Ozark

county, and they cannot find one man in his neighborhood who will say anything against him. " (3) Instruction number 2 for the state in effect tells the jury that the testimony of Carroll is sufficient, if believed, to convict. (4) The court was not convened on the day named in the order and no previous order was given the sheriff to adjourn the court to another day. We think these errors sufficient to work a reversal to the end that this defendant may have a fair trial.

*John M. Wood,* Attorney General, for the State.

(1) The failure to define the terms "wilfully" and "maliciously" was not error. The jury could not have misunderstood the meaning of these words. "Wilfully" has but one meaning in law or common usage, and that is intentionally. By leaving the term "maliciously" undefined, and the jury to take it according to its ordinary sense, was far more favorable to defendant than if it had been defined as in section 1376, Revised Statutes, 1879 ; *State v. Andrew,* 76 Mo. 101; *State v. Kilgore,* 70 Mo. 546. (2) The last clause in instruction number 2 qualified and limited the remaining portion of that instruction, to such an extent, that, under the instruction as a whole, the jury could not convict unless they found the facts, testified by the other witnesses, established defendant's guilt. The defendant cannot complain of this instruction, which if erroneous was in his favor. Taking this instruction, in connection with instructions 1 and 5 on the part of defendant, it is clear, that the jury were properly instructed on that point. (3) The remarks of the prosecuting attorney were not excepted to at the time. *State v. McDonald,* 85 Mo. 539. However they do not constitute grounds for a reversal. *State v. Zumbunson,* 86 Mo. 111 ; *State v. Emory,* 79 Mo. 461. (4) The court was properly convened.

When the judge did not appear on the first day, it was the duty of the sheriff to adjourn the court until the next day. R. S. 1879, sec. 1042.

SHERWOOD, J.—Indictment for arson under the provisions of section 1288. A grist mill was the subject of the crime. One Caldwell was alleged to be the owner. The defendant and one, Thomas Carroll, were jointly indicted for the crime. A special term was called by the judge of said court upon the written request of defendant's attorneys and the prosecuting attorney, and upon due notice from the sheriff of said county. The special term was ordered for June 4, but the judge not appearing on that day the sheriff adjourned said court until the next day ( June 5).

The state dismissed the case as to Thomas Carroll, for the purpose of procuring his testimony, on the trial of the defendant. The defendant was arraigned and pleaded not guilty, and, being put upon his trial, was found guilty as charged and his punishment assessed in the penitentiary for a term of six years. His motions for a new trial and in arrest being overruled he appealed from the judgment and sentence of this court.

The testimony in the cause copying from the bill of exceptions was the following : The state to sustain the allegations of the indictment introduced as a witness one, Thomas Carroll, who was jointly indicted with the defendant, who before the jury was sworn was discharged by a *nolle prosequi*. That the said Carroll testified that he burned the mill as charged in the indictment, and that defendant was not with him at the time, but prior to the burning by him of the mill the defendant Harkins hired him to do the burning and was to pay him ten dollars for doing so. That the defendant then and there objected to the defendant being sworn as a witness for the reasons alleged in his motion for a new trial, and his objections were overruled and he saved

his exceptions at the time. The state introduced other witnesses who testified in regard to some conversations had with defendant before and since the burning and rested.

, The defendant introduced witnesses as to the general reputation of Carroll and one Strong, who had testified in the case against defendant. The defendant was sworn as a witness. Mrs. Harkins, the wife of the defendant, was also produced and sworn as a witness. Defendant then rested.

I. Section 1042, Revised Statutes, 1879, declares that: "If any court shall not be held on the first day of the term, such court shall stand adjourned from day to day until the evening of the third day." This section is full authority for the course pursued in this case. The judge not appearing on the first day, the court stood adjourned to the next day by operation of law. This section applies as well to special terms as to regular terms. The law makes no distinction in this regard; and there is as much reason for its application in the one case as in the other.

II. It is objected that the first instruction for the state contains, in reference to the commission of the crime charged, the words "wilfully" and "maliciously" without defining their meaning.

The instruction in question is as follows: "1. The court instructs the jury that if you find from all the facts and circumstances in this case that Thomas Carroll at any time within three years before the finding of the indictment and at and in the county of Ozark in the state of Missouri unlawfully, wilfully, maliciously and feloniously did set fire to and burn a certain grist mill there situate, the property of John C. Caldwell, of the value of one thousand dollars, or of any other value, and that from all the facts and circumstances in evidence in this case you believe that Thomas Harkins at any time within three years before the finding of said indictment

in Ozark county, Missouri, before the said arson and felony was committed did unlawfully, wilfully, maliciously and feloniously incite, move, procure, counsel, hire or command the said Thomas Carroll to commit the said felony and arson in manner as charged in the indictment, you will find him guilty and assess his punishment at imprisonment in the state penitentiary for a term not less than five years."

It will have been observed that all the testimony in the cause has not been preserved in the bill of exceptions. Thus after giving the testimony of Carroll, the accomplice, it is said in the bill of exceptions "the state introduced other witnesses who testified in regard to some conversations had with the defendant before and since the burning, and rested." It is also stated in the bill of exceptions that both the defendant and his wife were produced and sworn as witnesses. We can only conjecture what was testified to by the other witnesses for the state. Were the conversations related by them, as having occurred between them and the defendant both before and after the arson, of a damaging character or not? And did the defendant in his testimony admit or deny those conversations? If the testimony in any given case is abundant and clear it may have much to do in curing any mere irregularity or unhappy employment of undefined words in an instruction.

If such was the case in this instance, and we are bound to indulge all reasonably favorable presumptions in favor of the action of the trial court, then we are not of opinion that reversible error was committed in failing to define the words in question. Besides, jurors of ordinary intelligence will be presumed conversant with customary words of their vernacular such as " wilfully" and " maliciously," especially so when it is evident that the words are used only in their every-day meaning and not in a strictly technical sense. *State v. Kilgore*, 70

Mo. 546; *State v. Andrew*, 76 Mo. 101. This point, also, is, therefore, ruled against the defendant.

III. Instruction 2 for the state, and instruction 1 for the defendant, are as follows:

"The court instructs the jury that you are at liberty to convict the defendant Thomas Harkins on the uncorroborated testimony of an accomplice alone if you believe the statements as given by such accomplice in his testimony to be true, if you further believe that the state of facts sworn to by the witness, if any, will establish the guilt of the defendant."

"The court instructs the jury that the testimony of an accomplice in the crime, that is, a person who actually commits or participates in the crime, is admissible. Yet the evidence of an accomplice in crime, when not corroborated by some person or persons not implicated in the crime as to matters material to the issues, that is, matters connecting the defendant with the commission of the crime as charged against him, ought to be received with great caution by the jury, and the jury ought to be fully satisfied of its truth before they should convict the defendant on such testimony."

These instructions taken together placed the law respecting accomplices very fairly before the jury under the former rulings of this court. *State v. Jones*, 64 Mo. 391; *State v. Reavis*, 71 Mo. 420; *State v. Walker*, 98 Mo. 95; *State v. Chyo Chiagk*, 92 Mo. 413.

IV. Other instructions were given on the subject of reasonable doubt, and of the presumption of innocence attending the defendant and that such presumption was stronger than any other presumption and that the burden of proof *remains with the state*, throughout, and is never shifted to the defendant. So that, taking the instructions as a whole, the defendant appears to have no just ground of complaint.

V. The objectionable remarks alleged to have been made by the prosecuting attorney, conceding that they

Soeder v. The St. Louis, I. M. & S. Ry. Co.

were such as ought to reverse this case, as to which nothing need be said, were said in the absence of the judge, and, therefore, no exceptions as to them could be saved; but certainly the fact of their having been made ought to have been established in some appropriate way, in order that we could notice them here. *State v. Johnson*, 76 Mo. 121.

These views result in an affirmance of the judgment, and it is so ordered. All concur.