Flynn v. The City of Neosho.

---

**FLYNN v. THE CITY OF NEOSHO,** *Appellant.*

Division Two, March 14, 1893.

1. **Practice**: PLAT: EVIDENCE: EXCEPTIONS. The objection that a plat or survey of a street was improperly admitted in evidence in an action for damages against the city, because it had never been acknowledged or recorded and was not the official map of the county surveyor, cannot be reviewed on appeal, where the plat is not incorporated in the bill of exceptions.

2. ———: PRESUMPTION. It devolves upon a party who alleges error to establish it, and, where this is not done, it will be presumed that the ruling of the trial court was correct.

3. **Municipal Corporations**: STREETS AND SIDEWALKS: NEGLIGENCE. Municipal corporations are bound to keep their streets and sidewalks in a reasonably safe condition for the convenience of travel, either by day or by night; in failing to do so they become liable for all resulting injuries suffered without fault or negligence of the injured party; and this is so notwithstanding the person traveling along the sidewalk on a dark night was injured at a place he knew to be dangerous and unprotected by a railing.

4. ——: ——: ——: EVIDENCE. Plaintiff's knowledge of the dangerous condition of the sidewalk at the point where he was injured is admissible in evidence in an action for the injury for the purpose of showing contributory negligence on his part.

5. ——: ——: ——: ——. The fact that one of plaintiff's attorneys, in an action for damages against a city was city attorney at the time of the accident and procured the passage of an ordinance with regard to the street upon which the accident occurred, can in no way affect plaintiff's rights, and evidence of such fact is properly rejected.

6. ——; PRACTICE: ESTOPPEL. Where defendant was sued and summoned as a corporation, appeared, filed answer and defended as such and failed to deny under oath the allegation that it was a corporation, as required by statute (Revised Statutes, 1889, sec. 2186), and was shown to be in the full exercise of its corporate power, it will be estopped from denying on appeal that it had been incorporated.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*James H. Pratt*, City Attorney, and *James W. Brunk* for appellant.

The plat introduced in evidence had never been acknowledged or recorded, and was not the official map of the county surveyor and was incompetent. Revised Statutes, 1889, sec. 7311. It was not evidence of the dedication of North Spring street. *California v. Howard*, 78 Mo. 88; *Wilkerson v. Fisher*, 50 Mo. 198; *Hicks v. Ins. Co.*, 6 Mo. App. 257; *Sumner v. Tuck*, 10 Mo. App. 278. Whatever hazard there was in passing over the sidewalk was voluntarily assumed by the

plaintiff, he being acquainted with the sidewalk. The sidewalk off of which the plaintiff fell was not in such a defective condition as will sustain the action of negligence against the defendants. *Buesching v. Gaslight Co.*, 73 Mo. 219; *Powell v. Railroad*, 76 Mo. 83; *Lenix v. Railroad*, 76 Mo. 86; *Taylor v. Railroad*, 86 Mo. 457; *Zimmerman v. Railroad*, 71 Mo. 476. If one in possession of positive knowledge that the defect is dangerous and in addition to this circumstance that there is another and safer way, no recovery can be had for an injury to person or property from an attempt to pursue the dangerous course. *Centralia v. Krause*, 64 Ill. 19; *Lovenguth v. Bloomton*, 71 Ill. 238; *Wilson v. Charleston*, 8 Allen, 137; *Durken v. Tray*, 61 Barb. 437; *Schoffler v. Sandusky*, 33 Ohio St. 246; *Township v. Kaig*, 84 Pa. St. 230. The court erred in not permitting the defendant to show that L. W. White, one of the defendant's counsel, was city attorney of the city of Neosho at the time of the alleged accident; that after the alleged accident and while the said White was city attorney he, the said White, drew and had passed by the board of aldermen ordinance number 57; that he continued the case from term to term in the circuit court of Newton county until the expiration of his term of office in April, 1890, and then accepted employment as attorney for the plaintiff, and then used his manufactured evidence, manufactured while he was in office as city attorney, after the alleged accident, to show that the city of Neosho exercised control over North Spring street and thereby recognized it as a public street. The plaintiff alleged in his petition that the city of Neosho was duly incorporated under the laws of the state of Missouri as a city of the fourth class. There was no evidence offered to support this fact on the trial of the cause. The answer denied each and every allegation contained in the petition. The plaintiff should

have proved the material allegations contained in the petition. Where there is a failure of proof of a material averment in the petition there can be no recovery. *Groll v. Tower*, 85 Mo. 249; *Carrington v. St. Louis*, 89 Mo. 216; *Squires v. Chillicothe*, 89 Mo. 230.

*W. Cloud* and *L. W. White* for respondent.

Although there was no evidence of contributory negligence, still the court submitted this question to the jury in every instruction and the appellant has no room for complaint, even if there had been testimony tending to show respondent's negligence. *Maus v. Springfield*, 101 Mo. 613; *Smith v. St. Joseph*, 45 Mo. 449; *Loewer v. Sedalia*, 77 Mo. 431; *Buesching v. Gas Co.*, 73 Mo. 219; *Staples v. Canton*, 69 Mo. 573; *Haniford v. City of Kansas*, 103 Mo. 181; *Roe v. City of Kansas*, 100 Mo. 190; *Stephens v. City of Macon*, 83 Mo. 353. Under our law the adjacent owners build all sidewalks, and it is the duty of the city to see that they are safely built and kept in repair. *Stephens v. City of Macon, supra*; Wharton on Negligence, sec. 999; 2 Dillon on Municipal Corporations [3 Ed.] sec. 1012; *Yocum v. Trenton*, 20 Mo. App. 493; *Squires v. Chillicothe*, 89 Mo. 226; *Russell v. Columbia*, 74 Mo. 480; *Bonine v. City of Richmond*, 75 Mo. 437; *Maus v. Springfield, supra;* Revised Statutes, 1879, sec. 4942. It was not necessary to prove that the city was incorporated as a city of the fourth class. The defendant was sued as such, defended as such, and it was charged in the petition to be such, and it was not denied under oath as provided by Laws of 1883, page 121. Revised Statutes, 1889, sec. 2186; *Pierce v. Lutesville*, 25 Mo. App. 317, and cases there cited. The court will take judicial notice of such cities. Revised Statutes, 1879, p. 444. Yet there was testi-

mony of its corporate existence and its exercising corporate functions.. The offer to prove that L. W. White wrote ordinance 87 was properly rejected as incompetent.

BURGESS, J.—This is an action to recover damages against the defendant, a municipal corporation, for injuries sustained by the plaintiff on account of a defective sidewalk.

Plaintiff was, at the time of the injury, a comparative stranger in the city of Neosho, only having been there two or three days, and in going from the depot of the St. Louis & San Francisco railroad, which is located about a mile distant from the city, into the city proper, and in walking along North Spring street during the darkness of the night, and in attempting to pass over the sidewalk where it was built about from three to five feet above the level or surface of the street, without any guard rails to prevent pedestrians passing over the same from falling off, fell on the rocks below and broke his left leg just below the knee. This defect in the sidewalk was well known to the city authorities. The venue of the cause was changed to the circuit court of Jasper county.

Plaintiff recovered judgment for $1,150 and the defendant has appealed.

I. Defendant's first contention is that the court committed error in admitting in evidence, over its objection, what purported to be a plat or survey of North Spring street, made by one L. B. Robertson, for the reason that it had never been acknowledged or recorded and was not the official map of the county surveyor. The plat, as it is called, is not made part of the record, nor does it appear to have been offered in evidence.

It is impossible for us to determine from this record whether it was properly admitted in evidence or not, even if such was the case, as it is not incorporated in the bill of exceptions, and as the presumption is to be indulged that the ruling of the court was correct, and as it devolves on the party who alleges error to establish it, and that has not been made to appear, we must conclude that the ruling of the court was correct.

II. The next contention is that whatever danger there was in passing over the sidewalk was voluntarily assumed by the plaintiff and that therefore he is not entitled to recover.

It is well settled law that municipal corporations are bound to keep their streets and sidewalks in a reasonably safe condition for the convenience of travel, either by day or night; in failing to do this they become liable for all resulting injuries; and this too notwithstanding the person traveling along the sidewalk on a dark night knows that a place which is dangerous is not provided with a railing, provided he falls and is injured without negligence or fault on his part. *Loewer v. Sedalia*, 77 Mo. 431; *Maus v. Springfield*, 101 Mo. 613; *Lowell v. Watertown*, 58 Mich. 568; *Smith v. St. Joseph*, 45 Mo. 449; *Haniford v. City of Kansas*, 103 Mo. 172.

Plaintiff's knowledge of the dangerous condition of the sidewalk at the point where he was injured was admissible in evidence for the purpose of showing contributory negligence on his part, but this question was fairly submitted to the jury by the instructions.

III. As to the ruling of the court in not permitting the defendant to show that L. W. White one of plaintiff's attorneys was city attorney for defendant at the time of the accident, and while such attorney drew and procured the passage by the board of aldermen

of an ordinance in regard to the street upon which the plaintiff sustained the jury complained of, we think that it was correct beyond any question, as plaintiff's rights could not in any way have been affected by what Mr. White did at that time. In no event could the conduct of White as an attorney under the facts as they appear from the record in this case be inquired into here.

IV. It is further contended by defendant that there is no evidence to show that it has ever been incorporated under the laws of this state as a city of the fourth class, and that this is put in issue by the answer. The defendant is sued as a corporation, summoned, appeared, filed answer and defended the suit as such; and it cannot now be heard to say that it has not been incorporated. Besides the allegation that it was a corporation was not denied on oath as required by section 2186, Revised Statutes 1889.

In the case of *Pierce v. Lutesville*, 25 Mo. App. 317, the court says: "The view that the statute applies only to private corporations is not sound. The reason of the rule which prohibits the fact of the existence of a *de facto* corporation from being contested in a private action of this kind, and which prescribes that it can only be done in a proceeding by *quo warranto* by the state, applies with equal force to municipal as to private corporations; and our supreme court, in stating and applying the rule, cites adjudications in respect of both kinds of corporations indifferently. *St. Louis v. Shields*, 62 Mo. 247-251, and cases cited; *Fredericktown v. Fox*, 84 Mo. 59-65, and cases cited."

Aside from this, the record amply shows that defendant was in the full exercise of its corporate power, passing ordinances in regard to the street on which the injury

occurred, and in regard to all other municipal matters of which its city government had power and control.

The court, in a well written and carefully prepared set of instructions, presented the case fairly to the jury, and we are unable to discover any reversible error in the trial or in the record. Judgment affirmed. All of this division concur.