[20939. In Bank. — May 13, 1893.]

# THE PEOPLE, RESPONDENT, *v.* CHARLES BONNEY, APPELLANT.

CRIMINAL LAW — TESTIMONY OF ACCOMPLICE — ADMISSIONS OF DEFENDANT — IN-STRUCTIONS. — In a criminal prosecution, where the only evidence to justify a verdict against the defendant was the testimony of an admitted accomplice and that of a third person as to the defendant's oral admissions, the refusal of the court to instruct the jury that "the testimony of an accomplice ought to be viewed with distrust, and the evidence of the oral admissions of a party with caution," is prejudicial error.

ID. — CONSTRUCTION OF CODE — "PROPER OCCASION" FOR INSTRUCTION. — Subdivision 4 of section 2061 of the Code of Civil Procedure, providing that the court shall instruct the jury in a criminal prosecution "on all proper occasions" that "the testimony of an accomplice ought to be viewed with distrust, and the evidence of the oral admissions of a party with caution," does not require the court to charge the jury with respect to matters of fact; and though it is not a proper occasion for such an instruction where it would discredit one of the defendant's witnesses, it is a proper occasion therefor when the testimony therein referred to is offered for the people against the defendant.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial.

The facts are stated in the opinion of court.

*J. M. Walling,* and *H. McCormack,* for Appellant.

*Attorney-General W. H. H. Hart, Deputy Attorney-General W. H. Layson,* and *F. Nilon,* for Respondent.

THE COURT. — The defendant was convicted of the crime of burglary in the second degree, and has appealed from the judgment entered against him and from an order denying his motion for a new trial.

At the trial the only witnesses for the prosecution were Joseph A. Sargent and George F. Seibert. Sargent testified that he owned a cabin in which he lived alone, and that in his absence some one entered it through a window and took and carried away a few articles of small value; that subsequently defendant admitted to him that he and the witness Seibert entered the cabin and took and carried away the said articles. Seibert testified that he was a boy twelve years old, and in effect that he and defendant together committed the offense charged. Defendant, as a witness in his own behalf, denied that he went into Sargent's cabin at all, or took away any of the

missing articles, or broke or opened the window for the boy to go in, or knew of his going in until afterwards, and also denied that he ever told Sargent that he had been through his place. Sargent was again called as a witness in rebuttal, and among other things, testified that he did not tell the father of defendant that defendant denied being in his house and told him he was not in it. The father was then called as a witness, and testified that he went to the house of Sargent and had a talk with him about the matter, and "he told me that he did not know that my boy had been in the house; that the boy told him he was not in the house." The defendant asked the court to give to the jury, among others, an instruction reading as follows: "The jury are instructed that the testimony of an accomplice ought to be viewed with distrust, and the evidence of the oral admissions of a party with caution." The court refused to give the instruction, and the defendant duly excepted.

The instruction asked is in the exact language of subdivision 4, section 2061 of the Code of Civil Procedure, and the section provides that such an instruction should be given to the jury " on all proper occasions."

It is urged for the appellant that the refusal to give the instruction was a prejudicial error, and the only answer to this point by the attorney-general is that the provision of the code authorizing such an instruction is unconstitutional, because it requires the court to charge " with respect to matters of fact," which by article VI., section 19 of the constitution, it is forbidden to do, citing *Kauffman* v. *Maier*, 94 Cal. 282–284; and *People* v. *O'Brien*, 96 Cal. 171.

In the case first cited a long and rambling instruction about oral admissions was given to the jury, and this court held it to be improper, saying: "The instruction above quoted is in substance an argument to the jury 'with respect to matters of fact' that had been presented at the trial, and a comment by the court upon the weight which they should give to that testimony."

In the case last cited, an instruction identically the same as that asked here was given at the request of the prosecution, and this court said: "The code authorizes this instruction to be given to the jury on all proper occasions (Code Civ. Proc., sec. 2061); but we do not think that this was a proper case for

such an instruction, although it may be proper to give it in a case where the witness has been called by the people." (Citing section 1111 of the Penal Code.)

The principle upon which it was held in that case that the court erred in giving the instruction made it error for the court to refuse the instruction in the present case. In that case the accomplice had been called as a witness on behalf of the defendant, and it was held that for that reason it was not a "proper occasion" to give the jury this instruction, since it told the jury in effect to discredit one of the defendant's witnesses. For the court, however, to discredit one of the defendant's witnesses before the jury is very different from giving them an instruction in his favor. One of the chief principles in criminal jurisprudence, wherever the common law prevails, is not only that the accused shall be presumed innocent until the moment of his conviction, but also that every fact necessary to constitute the crime of which he is accused shall be established by the prosecution by evidence competent therefor, before he shall be called upon to establish his innocence. The state is interested in seeing that none of its citizens are unjustly convicted, and it is the duty of the court before whom the trial is had to protect the accused against a conviction by incompetent testimony, both in excluding such testimony and in giving to the jury proper instructions upon the evidence before them. If, however, the court assumes to discredit a witness which the defendant has called in support of his defense, it deprives him of the constitutional guarantee of an impartial trial. And when the crime with which the accused is charged can be established only by means of the testimony of an accomplice, it is a "proper occasion" for the court in the discharge of its duty to protect the accused, to call the attention of the jury to the well-known fact "that the testimony of an accomplice ought to be viewed with distrust."

In this case there was no evidence to justify the verdict, except the testimony of an admitted accomplice and the testimony of Sargent as to the defendant's oral admissions. If, therefore, there could be any proper occasion for the giving of an instruction like that asked, this certainly was such an occasion, and the court erred in refusing to give the instruction.

The judgment and order are reversed.