The State v. Dawson.

THE STATE v. DAWSON, *Appellant.*

Division Two, November 5, 1894.

1. **Criminal Practice**: EVIDENCE: HARMLESS ERROR. An assignment of error on the admission of a letter in evidence will be overruled, unless it affirmatively appears it was read in evidence.

2. ———: ———: ———. The exclusion of a letter offered in evidence in a criminal case, though erroneous, will not cause a reversal of the judgment, where its admission could not have changed the result.

3. ———:, INSTRUCTION: ACCOMPLICE. An instruction as to the weight of the testimony of an accomplice considered, and *held* not objectionable.

*Appeal from Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*L. H. Waters* for appellant.

(1) The indictment is defective and insufficient. R. S. 1889, sec. 3126. (2) The circuit court of Clay county had no jurisdiction of the case. The court should have sent "a transcript of the record and proceedings in the cause, including the order of removal and the petition therefor." R. S. 1889, sec. 4166. His certificate says: "The foregoing pages contain a full and complete transcript of all entries of record, as also of the indictment of the cause therein cited." (3) The

court erred in admitting in evidence the letter from Whalen to the recorder of Lafayette county. It was not shown to have been written by either of the defendants. *State v. Minton*, 116 Mo. 605. (4) The evidence was not sufficient to warrant a conviction. Cottrell confessed the commission of the forgery yet he was dismissed to become a witness. He was still in jail on two other charges of forgery and the proof shows he was unworthy of belief. His story is simply incredible. (5) The instruction complained of is erroneous. It authorized a conviction on the uncorroborated testimony of an accomplice. 1 Greenleaf on Ev., sec. 380. The instruction fails to distinguish between the testimony of an accomplice and the testimony of any other witness.

*R. F. Walker*, Attorney General, *Morton Jourdan*, Assistant Attorney General, and *Marcy K. Brown*, Prosecuting Attorney, for the state.

(1) The letter of July 11, 1893, written by Dawson, and referring to papers connected with the forgery, is competent in every view. The Whalen letter shows the inception and first step in the conspiracy. and was, therefore, competent. Whether Whalen was a myth or was a real person could not affect the admissibility of the letter. *State v. Walker*, 98 Mo. 95; *State v. Crab*, 121 Mo. 554; *State v. Pratt*, 121 Mo. 566. (2) Instruction number 1 for the state declares the law. R. S. 1889, sec. 3661; *State v. Stevenson*, 93 Mo. 88. (3) Instruction number 2 for the state is copied literally from an instruction approved by this court in *State v. Harkins*, 100 Mo. 672; *State v. Jackson*, 106 Mo. 179; *State v. Pratt, supra; State v. Crab, supra.* (4) Defendant's refused instruction, number 2, does not correctly declare the law as to the testimony

of an accomplice, which is properly announced in state's instruction number 2. *State v. Harkins*, 100 Mo. 672; *State v. Jackson*, 106 Mo. 179.

BURGESS, J.—The defendant, Jacob H. Crab, C. C. Pratt and J. H. Cottrell, were jointly indicted at the September term, 1893, of the Jackson county criminal court for forgery in the first degree. A severance was granted, and on the thirteenth day of October, 1893, on application of defendant, a change of venue was granted him to the circuit court of Clay county, where upon trial had at the November term, 1893, he was found guilty and his punishment assessed at ten years' imprisonment in the penitentiary. From the judgment and sentence he appeals to this court.

The indictment is the same that was before this court in *State v. Crab*, 121 Mo. 554; and *State v. Pratt*, 121 Mo. 566. The facts are the same as disclosed by the record in those cases, and it will serve no useful purpose to repeat them here.

It is insisted that the circuit court of Clay county had no jurisdiction of the case, because the criminal court of Jackson county failed to send a transcript of the record and proceedings in the cause, including the order of removal and petition therefor. It is unnecessary to say more with regard to this contention than that an examination of the record before us shows that it is not borne out by the facts as they appear therefrom. Upon the contrary the transcript of the record of the Jackson criminal court, up to the time of and including the order granting the change of the venue to Clay county is full and complete, and certified in conformity with the provisions of sections 4166, Revised Statutes, 1889.

It is next contended that the court committed error in admitting in evidence the following letter,

addressed to the recorder of deeds of Lafayette county, Missouri:

"KANSAS CITY, Mo., May 15, 1894.

"*Recorder of Deeds.*

"DEAR SIR: Please hand this to an abstractor of land titles. What will it cost to make a complete abstract of W. S. Bishop's lands near Bates City, your county? I think they lay three miles S. W. Bates City. The agent did not give me the numbers; 280 acres in one body and 20 acres close to it. Please let me hear from you by return mail.

"Will you make it and send to a bank here for collection? If so let me hear. Mr. Bishop will pay on receipt of abstract. Please send me the numbers of the lands as my party wants to locate the lands on the map.                    Yours respectfully,

"JOHN K. WHALEN,

"General Delivery. Kansas City, Mo."

The record shows that counsel for defendant objected to the introduction of this letter for the reason that it purports to be from John K. Whalen, and because incompetent, and that the objections were overruled; but it nowhere shows that it was read in evidence, and, as it devolves upon him who asserts error to establish it, which has not been done, we must conclude that the letter was not read. *Flynn v. Neosho*, 114 Mo. 567. The presumption is always in favor of the correctness of the action of the court. Moreover, even if the letter had been read, it is difficult to perceive how the defendant could possibly have been prejudiced thereby, as the evidence, aside from the letter, shows his guilt beyond any question, and the admission of such evidence could not have changed the result. *State v. Patterson*, 73 Mo. 695; *Margaret Tinckler's case*, 1 East's P. C. 354:

Indeed, the evidence shows that he was the

principal conspirator and that he planned and manipulated the entire scheme for the purpose of obtaining a forged deed to the land of Wayne S. Bishop. It is true that the principal witness against him, was one of his accomplices, but the weight to be given to his evidence was a matter exclusively for the consideration of the jury. He was corroborated, however, on many very important matters.

A final contention is that the court erred in giving to the jury the following instruction:

"2.    The court instructs the jury that the testimony of an accomplice in the crime, that is, a person who actually commits, or participates in the crime, is admissible. Yet the evidence of an accomplice in crime, when not corroborated by some person or persons, not implicated in the crime as to matters material to the issues, that is, matters connecting the defendant with the commission of the crime, as charged against him, ought to be received with great caution by the jury, and the jury ought to be fully satisfied of its truth before they should convict the defendant on such testimony.

"The court instructs the jury that you are at liberty to convict the defendant George W. Dawson, on the uncorroborated testimony of an accomplice alone, if you believe the statements as given by such accomplice in his testimony to be true, if you further believe that the state of facts sworn to by such witness, if any, will establish the guilt of the defendant."

It is urged against this instruction that it authorized a conviction on the uncorroborated testimony of an accomplice, and that it fails to distinguish between the testimony of an accomplice and that of any other witness.

The instruction is not vulnerable to the objections urged against it. In fact it is almost a literal copy of

an instruction given in *State v. Crab*, 121 Mo. 554, which was approved by this court. A similar instruction was also approved in *State v. Harkins*, 100 Mo. 666, and in *State v. Jackson*, 106 Mo. 179.

The case seems to have been well tried, and defendant's guilt made to clearly appear. The judgment should be affirmed and it is so ordered. All of this division concur.

