[No. 6120.]

## O'GRADY v. THE PEOPLE.

**1. Practice in Criminal Cases—Requested Instructions—Matters Covered by Other Instructions—Misleading Instructions.**

In a prosecution for keeping a saloon open and selling intoxicating liquor on Sunday, it is not error to refuse a requested instruction that if accused kept open his saloon and sold intoxicating liquors ·at any time prior to midnight on the day immediately preceding the Sunday in question, he should be acquitted, where the court expressly confined the charge upon which accused was being tried, and 'restricted the evidence thereof, to the time between the hours of 12 o'clock midnight of Saturday and 6 o'clock in the morning of the following Monday, and further instructed that unless the alleged offense was committed during that time, there could be no conviction; in addition, the instruction requested is misleading and confusing since it, in effect, tells the jury that, even though accused kept his saloon open and sold liquors between midnight on Saturday and 6 o'clock of the following Monday morning, he should be acquitted if at any time prior to midnight of Saturday he also kept it open and sold liquors.—P. 313.

**2. Practice in Criminal Cases—Testimony of Private Detectives—Instructions—Weight of Evidence.**

In a prosecution for illegally selling intoxicating liquors, it is not error to refuse a requested charge that the testimony of private detectives should be considered by the jury with "great caution and distrust," where the court charged that the jury were the judges of the credibility of the witnesses and the weight to be attached to their testimony "greater care should be used by the jury in relation to the testimony of persons who are interested in or employed to find evidence against the accused than in other persons' testimony."—P. 314.

**3. Same—Rules Governing—Discretion of Court.**

The giving of instructions as to the caution to be observed in weighing testimony of private detectives or persons employed to find evidence is based upon rules of practice rather than of law, and rests ·largely in the discretion of the trial judge.—P. 316.

*Error to the County Court of Weld County.*
*Hon. Charles E. Southard, Judge.*

Jack O'Grady was convicted of keeping open his

saloon and selling intoxicating liquors on Sunday, and he brings error.                          *Affirmed.*

Mr. H. E. CHURCHILL, for plaintiff in error.

Mr. WILLIAM H. DICKSON, attorney general, and Mr. S. H. THOMPSON, Jr., assistant attorney general, for the people.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

In an information containing two counts, the defendant was charged with keeping open his saloon and selling intoxicating liquors on Sunday, contrary to the statute. He was found guilty upon both counts, and the court sentenced him to pay a fine under the first, and to be imprisoned in the county jail under the second. The evidence introduced by the prosecution consisted, in the main, of the testimony of two witnesses who were private detectives employed to procure evidence to convict defendant.

The defendant asked for an instruction, which the court refused, by which the jury were told that if defendant kept open his saloon and sold intoxicating liquors at any time prior to midnight of the day immediately preceding the Sunday in question, that they should find him not guilty. The refusal to give this instruction was not error. The court, in the fifth instruction given to the jury, expressly confined the charge upon which defendant was being tried, and restricted the evidence to the time between the hours of 12 o'clock midnight of Saturday and 6 o'clock in the morning of the following Monday, and told the jury that unless the alleged offense was committed during that time, there could be no conviction. Then, too, the instruction as tendered, was misleading, and would tend to confuse the jury, since, in effect, it tells them, even though defendant kept open his saloon and

sold liquors between the hours of midnight on Saturday and 6 o'clock of the following Monday morning, he should be acquitted if at any time prior to midnight of Saturday he also kept open his saloon and sold liquors.

The other objection argued is that the court refused defendant's tendered instruction, by which the jury were told that they should consider the testimony of the detectives with "great caution and distrust." Authority for this instruction is said to be a statement in section 440 Wharton's Criminal Evidence (8th ed.). The learned author says that "An informer, it has been held, is not technically an accomplice"; but the author says, "The jury should be instructed to receive his evidence with the greatest caution and distrust"; citing *Commonwealth v. Downing,* 4 Gray 29; *Dunn v. People,* 29 N. Y. 523; *Williams v. State,* 55 Ga. 391.

In *Commonwealth v. Downing* no such decision was made, but the court said that while the jury might well have been instructed that the testimony of a detective should be received with the greatest caution and distrust, it also said that such a witness was not an accomplice, and the court held that the refusal of the presiding judge so to instruct was not ground for legal exception.

In *Dunn v. People,* the witness in question was not an accomplice in the strict sense of the term. The court remarked that it was not generally discreet for a jury to convict upon the testimony of an accomplice, but that it is not the law that a conviction upon such testimony can in no case be had.

We find nothing in *Williams v. Georgia* that tends to support the statement of the text.

This court held in *Wisdom v. People,* 11 Colo. 170, that there may be a conviction upon the testimony of an accomplice alone, although the court said

that it was proper to admonish the jury that such testimony should be received with great caution.

We do not find any authority which sustains the position of defendant that the refusal of a trial court to instruct the jury that the testimony of private detectives, who are employed to procure evidence, should be received "with great caution and distrust," necessarily constitutes prejudicial error. The instruction which it is usual to give in such cases is referred to in the following, among other cases: *State v. Dawson,* 124 Mo. 418; *State v. Dana,* 59 Vt. 614; *State v. Kellerman,* 14 Kan. 135; *State v. Coates,* 22 Wash. 601; *State v. Walker,* 98 Mo. 95; *Preuit v. People,* 5 Neb. 377; *State v. Fullerton,* 90 Mo. App. 411; *State v. Stebbins et al.,* 29 Conn. 463; *People v. Bonney,* 98 Cal. 278, 33 Pac. 98; *State v. McKean,* 36 Iowa 343; *Wright v. State,* 7 Texas App. 574.

See, also, 9 Am. & Eng. Enc. of Law (2d ed.), 410 *et seq.;* 12 Cyc. 447, 453; 1 Am. & Eng. Enc. of Law (2d ed.), p. 389 *et seq.*

In some of the cases the word distrust is used, the one from 98 California saying the statute requires it; but usually the court tells the jury that such testimony should be viewed and considered with great caution or scrutiny.

In the Preuit case in 5 Nebraska, the supreme court was of the opinion that the trial court fulfilled the requirements of the practice when it told the jury that in weighing this class of testimony greater care should be used than in other cases. In the case at bar, the court, of its own motion, instructed the jury that they were the judges of the credibility of the witnesses and the weight to be attached to their testimony; and that in weighing testimony "greater care should be used by the jury in relation to the testimony of persons who are interested in or employed

to find evidence against the accused than in other persons' testimony." In so doing, we think the court sufficiently cautioned the jury, and that no prejudicial error was committed in refusing the particular instruction tendered.

In section 380, 1 Greenleaf on Evidence (16th ed.), the author says: "The degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury," and while the author says that good practice requires the court to instruct that in weighing such testimony, great caution should be observed, this is not a rule of law, but rather of practice, and its giving or refusing rests largely in the discretion of the trial judge. Even if it be conceded, which we do not, that the detectives are accomplices—and none of the authorities so hold—and if the same rule applies to both, the instruction which was given here by the court is a sufficient compliance with good practice.

Perceiving no prejudicial error in the record, the judgment is affirmed.                    *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.