STATE of Missouri, Plaintiff-Respondent,

v.

Joseph Edward REEDER, Defendant-Appellant.

No. 51418.

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, James D. Anderson, Special Asst. Atty. Gen., Kansas City, for respondent.

Gerald J. Bamberger, St. Louis, for appellant.

DONNELLY, Judge.

Defendant, Joseph Edward Reeder, was convicted of first-degree robbery under Section 560.120 RSMo 1959, V.A.M.S., by a jury in the Circuit Court of the City of St. Louis, Missouri, and his punishment under the provisions of the Habitual Criminal Act, Section 556.280 RSMo 1959, V.A.M.S. (as amended Laws 1959, S.B. No. 117, § 1), was assessed at imprisonment in the custody of the Department of Corrections for a term of fifteen years. Following rendition of judgment and imposition of sentence in accordance with the verdict, an appeal was perfected to this Court.

According to the evidence, a man wearing a white straw hat and dark-colored glasses

entered Martin's Bar on Olive Street in the City of St. Louis on the night of June 20, 1964, and robbed the bartender of a roll of bills, about $75 in value. This roll consisted of one-dollar bills with a few five-dollar bills on top. Immediately after the robbery, the robber entered a motor vehicle which was driven west on Olive Street. Police Officers Roth and Guelker, who were patrolling the area, stopped across the street from Martin's Bar. People from the Bar told the officers they had been robbed by a white male who had entered a car with three other white youths. The officers obtained a description of the subjects and drove west on Olive Street to try to find the car.

After circling the area, and as they crossed St. Charles at Nineteenth Street, they observed Officer Strauss had a car stopped. They proceeded to the car, found defendant in the rear seat, and placed the four occupants under arrest. Officer Guelker took a roll of bills from defendant. The roll of bills matched the description given by the bartender. The officers returned the four men to the Bar and the bartender and the owner of the Bar identified one of the men as the person who committed the robbery.

The bartender and owner of the Bar identified defendant in the courtroom as one of the four men returned by the police officers to the Bar after the arrest.

James W. Brown, Jr., testified for defendant and stated that on June 20, 1964, he (Brown) robbed Martin's Bar; that he had never seen defendant prior to the night of the robbery and did not know defendant; that after the robbery he started running down Olive Street and defendant was passing by in a car; that defendant stopped for him and he told defendant three guys were chasing him; and that he did not give defendant any of the money from the robbery and did not discuss the robbery with defendant.

Bobby Lee McGaha testified for defendant and stated that he was with defendant from 11:00 or 11:30 the night of June 20, 1964, until they were arrested and that he and defendant did not go to Martin's Bar at any time until after they were arrested.

Instruction No. 4, given by the Court, reads as follows: "The Court instructs the Jury that though the testimony of an accomplice in crime, that is, a person who actually commits or participates in a crime, is admissable in evidence, such evidence should be received by the Jury with great caution, and the Jury should be fully satisfied of its truth before they can acquit the defendant on such testimony unless such testimony is corroborated by some person or persons not implicated in the crime."

It is proper, in some instances, to give the type of instruction given here with the word "convict" substituted for the word "acquit" in the instruction, and when the witness accomplice has testified for the State. (For cases see Mo.Digest, Criminal Law, ☞780.) Here, however, witness Brown, the alleged accomplice, testified for the defendant. We, therefore, consider whether the giving of the instruction was error prejudicial to defendant. See People v. Bonney, 98 Cal. 278, 33 P. 98; People v. O'Brien, 96 Cal. 171, 31 P. 45; Joseph v. State, 34 Tex.Cr.R. 446, 30 S.W. 1067; People v. Touhy, 361 Ill. 332, 197 N.E. 849.

In 23A C.J.S. Criminal Law § 1217, p. 549, it is stated: "Great care should be observed in the exercise of judicial discretion to the end that no shifting of the burden placed on the prosecution to prove guilt results in requiring to any degree or extent that an accused prove his innocence. An instruction is erroneous which improperly deprives accused of his presumption of innocence and leads the jury to believe that the burden of proof is on him to prove his innocence", citing State v. Walser, 318 Mo. 833, 1 S.W.2d 147; State v. Sanford, 317 Mo. 865, 297 S.W. 73.

In the case of State v. Malone, 327 Mo. 1217, 39 S.W.2d 786, this Court exhaustively reviewed the subject of burden

of proof in a criminal case. The burden of proof is on the State throughout the trial to establish by evidence the guilt of the accused beyond a reasonable doubt.

 We are of the opinion that Instruction No. 4 was prejudicially erroneous. Here, the jury could reasonably have understood the instruction to mean that though the testimony of Brown was admissible in evidence, Brown's evidence should be received with great caution, and that, unless Brown's testimony was corroborated by some person or persons not implicated in the crime the jury should be fully satisfied of the truth of Brown's testimony before they could acquit defendant. Bobby Lee McGaha testified for defendant but there is some question as to whether his testimony did or did not corroborate Brown's testimony. In any event, the instruction clearly and erroneously shifted the burden of proof from the State to defendant.

The defendant, through his present counsel, who was not defendant's counsel in the trial court, concedes that this point was not preserved in his Motion for a New Trial under Rule 27.20, V.A.M.R., but urges that he is entitled to relief by virtue of the provisions of Rule 27.20(c), V.A.M.R., which reads as follows: "Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom."

We note the case of State v. Kent, Mo. Sup., 375 S.W.2d 40, 43, where this Court reviewed instructions under Rule 27.20(c), V.A.M.R., although finding no prejudicial error therein. We note further a long line of cases denying relief where points were not properly preserved in a motion for a new trial. 9A Mo. Digest, Criminal Law, ☞1064(7).

 However, when, as here, under the facts and evidence in this particular case,

the presumption of innocence of an accused is violated and the jury in effect instructed that the burden of proving his innocence is on the accused, the accused has been deprived of a fair and impartial trial. The historical significance of approving such a deprivation of rights compels us to hold that manifest injustice has resulted here. The case will be reversed for this reason.

 The other point briefed by the defendant concerned the giving of an alibi instruction. It may be that, under the evidence presented at a new trial, the question will not be pertinent. However, we suggest that an alibi instruction, if requested, would be proper, if there is evidence adduced to the effect that defendant was not present at the time of the alleged offense. State v. Simon, Mo.Sup., 375 S.W.2d 102, 105, 107; State v. Howe, Mo.Sup., 343 S.W.2d 73, 75; State v. Williams, 309 Mo. 155, 274 S.W. 427, 435.

The judgment is reversed and the cause remanded.

All concur.