# WHEELLING.

## STATE v. FLAHERTY.

Submitted April 1, 1896—Decided June 17, 1896.

CRIMINAL LAW—CHANGE OF VENUE—PREJUDICE.

> The fact that a jury free from exception can be impaneled is not conclusive, on a motion for change of venue, that prejudice does not exist, endangering a fair trial, and will not justify the court in refusing to receive other evidence to support such motion.

J. R. WILSON, LACE MARCUM, E. H. FITCH and McCALLISTER & BLACKWOOD for plaintiff in error, cited Code, c. 148, ss. 9, 10; 20 W. Va. 679; 8 W. Va. 741; Whart. Crim. Ev. (9th Ed.) § 699; 31 Gratt. 836; Code, c. 159, s. 15; 22 W. Va. 805; 1 Bish. Cr. Law (7th Ed.) § 432; 42 Tex. 226; 23 Gratt. 954; 12 W. Va. 124; 6 Gratt. 722.

T. S. RILEY, ATTORNEY-GENERAL, for the state, cited 1 Greenl. Ev. (11th Ed.) § 2.

BRANNON, JUDGE:

J. M. Bingham, Edmund Fry, and David Flaherty were jointly indicted, under the Red Men's act, for conspiracy and violence to R. B. Yowell, as stated in *Bingham's Case,*

decided this day, 42 W. Va. 234 (24 S. E. 883) and Flaherty was tried separately, convicted, and sentenced to the penitentiary four years, and has appealed to this Court.

We will not consider certain evidence allowed, and other evidence refused, for reasons stated in Bingham's Case, this day decided. What is there said as to instructions Nos. 1, 2, and 3 in that case will apply to Nos. 1, 2, and 3 in this case. We do not regard them bad.

This instruction for the state is complained of: Instruction No. 4, "If the jury believe from the evidence in the case that David Flaherty, Fry, and Bingham, or that David Flaherty and either Fry or Bingham, assaulted and injured R. B. Yowell, in said county, in pursuance of a combination, conspiracy, or understanding entered into by them either before they reached the place where said assault was committed, or after they reached there, to do said Yowell bodily harm or injury, then it is immaterial and makes no difference who struck the first blow, or who brought on said assault and conflict." A similar instruction in Bingham's Case was held bad, because he gave evidence tending to show that Yowell struck him first, justifying what he (Bingham) did in the way of violence to Yowell; but there is no evidence that Yowell assaulted Flaherty, so as to justify any violence by Flaherty, if he used any. If Flaherty engaged in a conspiracy, and in pursuance of it inflicted injury upon Yowell, I do not see how Yowell's first assault (if any) upon Bingham would justify violence on Flaherty's part, or become material in Flaherty's trial, and hence I see no error in that instruction in this case.

But we find error in the action of the court upon Flaherty's motion for a change of venue. The bill of exceptions on this matter certifies that Flaherty filed a petition praying a change of venue on the ground that public sentiment against him was so strong that he could not get a fair trial in Cabell county, and offered evidence to show good cause for such change of venue, and the state resisted on the ground that an effort should be first made to obtain a jury; and the court refused to hear evidence at that time, and proceeded to get a jury, and obtained a sufficient num-

ber of jurors, and the prisoner was thus "forced into trial," · in the language of the exception. If we should say that the verified petition is too general, in failing to specify facts showing that a fair trial could not be had, it surely was a good basis for evidence to show such facts, and the prisoner offered to furnish such evidence, but the court refused to hear it, concluding, from the fact that a jury passing the usual examination was obtained, that that was conclusive evidence of the absence of prejudice and influence in the community endangering a fair trial. We do not share in that opinion. That a jury is found free from exception personally to its members is not a final test. Influences, silent yet potential, may permeate the community, endangering an impartial trial. Motions for change of venue are passed upon before the impaneling of the jury. Here the court shut the prisoner off from showing good cause for change of venue, taking the fact that twelve men were found competent jurors as the all-sufficient test on the motion for a change of venue, and discarding all other evidence.

Refusal of certain instructions for the prisoner is assigned as error, but seemingly waived, as they are not urged in brief of counsel. I see no error in this matter.

Therefore we reverse the judgment, set aside the verdict, grant a new trial, and remand for further proceedings.