THE STATE OF MISSOURI, Respondent, v. F. L. FULLERTON, Appellant.

**Kansas City Court of Appeals, December 2, 1901.**

1. **Jury: SELLING LIQUOR: MEMBER OF HOME PROTECTION ALLIANCE: INCOMPETENT.** A member of a society liable to assessment for funds to prosecute violation of liquor laws is not a competent juror to try a defendant charged with selling liquor without license.

2. **Criminal Procedure: WITNESSES: CROSS-EXAMINATION OF DEFENDANT.** On the trial on an indictment for selling liquor without license, defendant in his own behalf testified in contradiction of the sales set up by the State, and on his cross-examination

was compelled to testify over his objection to putting up certain bottles of liquor for sale at a particular time: *Held,* cross-examination was improper.

3. ———: SELLING LIQUOR: EVIDENCE OF DETECTIVES: INSTRUCTION: HARMLESS ERROR. Where the sole evidence on the trial of an indictment for selling liquor comes from detectives, the defendant is entitled to an instruction, that such evidence should be received with the greatest caution. But where such an instruction is substantially contained in other instructions, its refusal is harmless error.

Appeal from Mercer Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED AND REMANDED.

*H. J. Alley, M. Read, Fred W. Coon* and *C. W. Bolster* for defendant.

(1)   A juror who is not indifferent as to the result of the trial between the State and the defendant has such an interest as to disqualify him to sit upon the case. State v. Bauerle, 145 Mo. 1.   Objections to competency of a juror are not confined to causes enumerated in statute. Coppersmith v. Railroad, 51 Mo. App. 357; Thompson and Merriam on Juries, sec. 175.   Members of association for suppression of crime in general, who contribute money for prosecution, are ineligible as jurors. Commonwealth v. Livermore, 4 Gray 18.   (2)   It is reversible error to permit the cross-examination of defendant upon any matter not testified to in examination in chief.   R. S. 1899, sec. 2637; State v. Patterson, 88 Mo. 88; State v. Chamberlain, 89 Mo. 129, and authorities cited.   (3)   Where the witness claimed to have bought liquor sold contrary to law for the express purpose of convicting the seller, the jury should have been instructed that such testimony should be received with the greatest caution.   Com-

monwealth v. Downing, 4 Gray 29; Wharton's Crim. Ev., sec. 440; State v. Walker, 98 Mo. 95.

*Ed. C. Hyde* for respondent.

SMITH, P. J.—The defendant was tried and convicted on an information based on section 3047, Revised Statutes. This appeal is brought here by defendant, who seeks a reversal of the judgment on three distinct grounds.

I. The examination of A. Knight, one of the jurors who tried the case, disclosed that he was a member of an organization known as the "Home Protection Alliance," the object of which was especially to prosecute persons charged with the unlawful sale of intoxicating liquors and which organization had employed the witnesses for the State in the case, to come from St. Joseph to Princeton and make the purchase of the intoxicating liquor charged in the information. It was further disclosed that the juror had not contributed any money to carry out the objects of the "alliance" but that if he were assessed for that purpose he would pay such amount. The juror swore that he could sit unbiased and unprejudiced and fairly try the case on the law and evidence. The defendant objected that the juror by his examination had disclosed that he was not qualified to try the case, but this objection was overruled.

It is essential that all causes, as far as practicable, shall be tried by wholly impartial jurors. This is a guarantee of the Constitution which can not be disregarded by any court. In a Massachusetts case (Commonwealth v. Livermore, 4 Gray 18), which was very similar to the present one, it was said in the course of the opinion: "We deem it our duty, however, to say that in our judgment, the members of any association of men combining for the purpose of enforcing or withstanding the execution of a particular law, and binding themselves to

contribute money for such purpose, can not be held to be in-, different, and therefore ought not to be permitted to sit as jurors in the trial of a cause in which the question is whether the defendant shall be found guilty of violating that law." This opinion was concurred in by Chief Justice SHAW, one amongst the greatest jurists that has occupied any judicial bench in this country. To an authority of such eminent respectability on a question so vital as this, we feel bound to defer. It seems to us that it would be establishing an exceedingly dangerous precedent to hold a member of an alliance, of the kind to which the juror belonged, to be a competent juror under the circumstances existing in this case. The impartiality of a jury, made up in whole or in part of persons sustaining the relation to a prosecution that the juror did in this case, would, to say the least of it, be very questionable. As far as practicable the courts in the selection of jurors should endeavor to secure those who are not only free but who are not even subject to any well-grounded suspicion of any bias or prejudice. Whatever the juror may have thought or felt as to his competency, still he may, nevertheless, have been more or less biased or prejudiced against the defendant and therefore not impartial. In view of the facts disclosed by the record, we think the juror should have been rejected as incompetent to try the case. It is a maxim of the common law that justice should be administered in such a way as to be satisfactory.

II. It was conceded that the defendant was a regularly registered pharmacist and druggist. He testified in his own behalf to the effect that he had not made the sale charged in the information, and to which the detectives Corolus and Crawford had testified. His (defendant's) testimony contradicted that of the two detectives—witnesses for the State— as to the sale. On cross-examination of the defendant, the State was permitted, over the objections of defendant's counsel, to inquire of him whether or not "it was a fact that imme-

diately prior to the thirtieth of June, somewhere about the twenty-eighth, he had not prepared and bottled a lot of liquor in half-pint bottles and placed the same under the counter in his store for the purpose of selling at the June races?" This cross-examination extended to a matter not referred to in the examination in chief, and went beyond the confines of the statute (Revised Statutes, sec. 2637; State v. Chamberlain, 89 Mo. 129, and cases there cited) and the action of the court in permitting the same was improper.

III. The defendant asked the court to give two instructions, in substance telling the jury that all the testimony on the part of the State, in respect to the sale referred to in the information, was given by the witnesses, Corolus and Crawford, and if it found that such witnesses were either informants, dectectives or decoys, and purchased the liquor for the purpose of indicting the defendant, then the testimony of such witnesses should be received with the greatest caution; which instruction the court refused. In Wharton's Criminal Evidence, section 440, it is said: "One who purchases intoxicating liquor, sold contrary to law, for the purpose of prosecuting the seller for an unlawful sale, is not an accomplice, so as to require distinct corroboration as such; though the jury *should be* instructed to receive his evidence with the greatest caution and distrust." The rule has been approved in this State (State v. Walker, 98 Mo. 95) and elsewhere: Commonwealth v. Downing, 4 Gray 29; Preuit v. People, 5 Neb. 377; Anonymous, 17 Abb. Prac. (N. Y.) 48. Accordingly, we think that under the evidence the defendant was entitled to the instruction last referred to, and that its refusal by the court was an error.

But it may be that this error was cured by the action of the court in giving, on its own motion, an instruction telling the jury that if it found the witnesses, Corolus and Crawford, were informants, detectives or decoys, and that they purchased

said liquors for the purpose of indicting the defendant, then it should take these facts and circumstances into consideration in determining the credibility and weight to be given the testimony of said witnesses. It seems to us that the court might well have given the instructions requested by the defendant, but since it gave another of its own motion containing a very similar expression of the law, the defendant was not hurt by the refusal of those requested by him.

The judgment will be reversed and the cause remanded. All concur.