# CHARLESTON.

STATE *v.* JOHN S. SIERS

(No. 5379)

Submitted January 12, 1927.   Decided January 18, 1927.

1. CRIMINAL LAW—*Present Hostile Sentiment Against Accused, Extending Through Entire County, is Good Cause for Removal to Another County.*

    A present hostile sentiment against an accused, extending throughout the entire county in which he is brought to trial, is good cause for removing the case to another county. (p. 31).

    (Criminal Law, 16 C. J. §§ 302, 307, 308, 324.)

2. SAME—*When Petition for Change of Venue and Affidavits of Reputable Citizens Establish Hostile Sentiment Against Accused, Change of Venue Should be Granted; in Prosecution for Assault, Evidence of Hostile Feeling Against Accused Held to Render Denial of Change of Venue Error.*

    When the petition of an accused for a change of venue, and the affidavits of reputable citizens establish the fact, uncontroverted, of such widespread hostile sentiment existing at the time of the application, the change should be made. (p. 31).

    (Criminal Law, 16 C. J. §§ 306, 307.)

3. ASSAULT AND BATTERY—*Instruction As to Self-defense, Making Accused Sole Judge of Emergency, is Erroneous.*

    An instruction on the right of self-defense is erroneous, which makes the accused the sole judge of the emergency. (p. 33).

    (Assault and Battery, 5 C. J. § 350.)

4.   CRIMINAL LAW—*Unless Failure to Instruct is Misleading,
     Court is Not Required to Give Proper Instruction in Place
     of One Requested, Which is Erroneous.*

     Unless failure to instruct tends to mislead the jury, the
     court is under no obligation to give a proper instruction
     in place of one requested which is erroneous.   (p. 33.)

     (Criminal Law, 16 C. J. § 2508.)

     (NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not
        part of syllabi.)

Error to Circuit Court, Harrison County.

John S. Siers was convicted of assault, and he brings error.
*Judgment reversed; verdict set aside; new trial awarded.*

A. F. *McCue, Powell & Clifford* and *Sperry,* and *Glenn F.
Williams,* for plaintiff in error.

Howard B. *Lee,* Attorney General, and *R. A. Blessing,* As-
sistant Attorney General, for the State.

HATCHER, PRESIDENT:

John S. Siers was found guilty in the criminal court of
Harrison county, of an assault on Harry Lyons. ˙ The judg-
ment of the court is attacked on the following theories:

1.   The trial court erred in refusing to grant a change of
venue upon the uncontradicted statements contained in the
petition therefor and its twelve exhibits.

2.   The Court erred in refusing to exclude four members of
the jury in this case because of their interest in the case.

3.   The Court erred in refusing to give Instruction No. 3
offered by the defendant, submitting to the jury the defense
of self defense.

1.

The petition for a change of venue alleges that there is a
large and influential organization in Harrison county, known
as the Knights of the Ku Klux Klan, numbering about 4500
members; that this organization contains an auxiliary affilia-
tion known as the Ladies of the Knights of the Ku Klux Klan,
numbering more than 1000 members; that for a considerable
time enmity has existed between the petitioner and the Klan;
that the Klan had made many threats against the person of

the petitioner; that through its officers and agents the Klan had expressed its intention to prosecute petitioner for various offenses alleged to have been committed by him; that the Klan had caused eight different warrants to be sworn out against petitioner; that the Klan publishes a newspaper, the Fiery Cross, in numerous editions of which a large part of the front page had been taken up by inflammatory headlines against petitioner; that the articles against him appearing in that paper were of a highly slanderous nature and totally misrepresented and distorted the facts in connection with the alleged assault on Lyons; that the Fiery Cross is sold at most of the news-stands in Clarksburg and other towns in Harrison county, and is also vended on its publication day on the streets of Clarksburg, Shinnston, Wallace, Salem, Wolfe Summit, Bridgeport and other towns in Harrison county; that through such sales and the activities of the Klan members, the Fiery Cross has a wide and general circulation in Harrison county; that by reason of the articles in the said paper, the wide circulation thereof, together with press reports regarding the alleged assault in other newspapers, and the discussion of the same by members of the Klan, there are scarcely any persons in Harrison county who have not read and discussed the facts regarding the assault; and that a hostile sentiment has been created thereby and exists against petitioner throughout the county.

The accused filed six affidavits of reputable citizens of the county, which fully support the charge in his petition that there existed at the time of the trial a general and widespread hostile sentiment against him in Harrison county, which had been created and fomented by the Klan.

The State did not controvert the charges of the petition.

It is settled law in this state that upon a petition of the accused, good cause being shown, he may have a change of venue to some other county. The burden of showing to the satisfaction of the court good cause for removing the case rests on the petitioner. Such good cause must exist at the time the application is made. *State* v. *Greer,* 22 W. Va. 800; *State* v. *Powers,* 91 W. Va. 737. The petition and the affidavits state as a fact that a hostile sentiment against the accused

existed throughout the entire county at the time of the trial. If this be true, and without any controversion we must assume it to be true, then good cause existed for removing the trial of the accused to some other county. The brief of the Attorney General insists that an impartial jury was obtained for the trial, and cites two Virginia cases holding that when an impartial jury is secured in the county, subsequent to the motion for a change of venue, it will be presumed that the motion was unfounded. That may be the law in Virginia, but the Attorney General has overlooked the West Virginia case of *State* v. *Flaherty,* 42 W. Va. 240, which specifically holds the fact that an impartial jury was later impaneled, not to be conclusive on a motion for a change of venue, that prejudice against the accused did not exist, endangering a fair trial. In the opinion in that case Judge BRANNON points out that the final test of a fair trial is not the mere impaneling of a jury which is personally free from prejudice against the prisoner. He well says: "Influences, silent yet potential, may permeate the community, endangering an impartial trial."

We therefore hold that the refusal of the court to grant a change of venue upon the petition and affidavits in this case, was error.

## 2.

As this case will be reversed for the reason above, it is unnecessary to take up the second assignment of error further than to say that we think it would be well at the next trial for the jurors belonging to the Klan to be excused. *Boyle* v. *The People,* 4 Col. 176 (182). "As far as practicable the courts in the selection of jurors should endeavor to secure those who are not only free but who are not even subject to any well-grounded suspicion of any bias or prejudice." *State* v. *Fullerton,* 90 Mo. App. 411 (414).

## 3.

Defendant's instruction No. 3 fairly presents for the consideration of the jury the evidence tending to show that he acted in self defense. It is defective, however, in that it fails to submit to the jury whether from the evidence the accused

was justified in believing that he was in danger of bodily harm at the time of the alleged assault. It is also imperfect in making the accused the sole arbiter of the force necessary to defend himself on that occasion. Under the practice in the Virginias the trial judge is not ordinarily required to give a proper instruction in place of an erroneous one, unless the failure to instruct tends to mislead the jury. From the record in this case we can not say that the refusal of the trial court to correct and give instruction No. 3 mislead the jury. It was therefore not error to refuse the instruction. *Pechine* v. *Shepardson,* 17 Gratt. 472; *Rosenbaums* v. *Weeden,* 18 Gratt. 785; *Womak* v. *Circle,* 29 Gratt. 192; *State* v. *Caddle,* 35 W. Va. 73; *Carrico* v. *Ry. Co.,* 35 W. Va. 389 (pt. 11 syl.); *Shrewsbury* v. *Tufts,* 41 W. Va. 212; *Gas Co.* v. *Wheeling,* 8 W. Va. 320 (pt. 13 syl.).

For the above reasons the judgment of the lower court will be reversed, the verdict of the jury set aside, and a new trial awarded, to be had in accordance with the views herein expressed.

*Judgment reversed; verdict set aside; new trial awarded.*