MICHAEL CHANCELLOR GANGWER

*v.*

DONALD F. BLACK, *Judge, etc.*

(No. 14333)

Decided April 10, 1979.

*Hague, Rudolph, Hague & Lantz, Eugene T. Hague, Sr., George E. Lantz* for relator.

*Chauncey H. Browning*, Attorney General, *Pamela Dawn Tarr*, Assistant Attorney General, for respondent.

PER CURIAM:

The relator, Michael Chancellor Gangwer, prays that we, in this proceeding, prohibit the Circuit Court of Wood County from trying him for the murder of Jimmy Lee VanCamp, Jr. He also prays that we direct the circuit court to transfer venue of his case to a county outside the publication area of the Parkersburg, West Virginia, newspapers.

On April 10, 1978, the relator, Michael Chancellor Gangwer, and his brother Richard C. Gangwer, were indicted for the murder of Jimmy Lee VanCamp, Jr.

After his brother was convicted of aiding and abetting the crime, the relator moved for a change of venue on the ground that the extensive coverage of his brother's trial in the Parkersburg area news media, including the Parkersburg daily newspapers, had generated publicity which would have an adverse, prejudicial effect on his possibility of obtaining a fair trial in Wood County.

By order entered July 31, 1978, the judge of the circuit court denied the relator's motion on the ground that the newspaper articles filed by him in support of his motion were not inflammatory in nature and did not show widespread hostility, bias, or prejudice, against him existing throughout the county.

Subsequent to the court's denial of the relator's motion, stories regarding the court's action on the brother's post trial motions appeared in the Parkersburg news media.

After the appearance of such stories the relator moved that the circuit court reconsider the motion for change of venue. In support of his new motion he filed seventy-five affidavits, and he also filed additional newspaper articles.

By order entered October 20, 1978, the circuit court denied the motion for reconsideration.

To date the relator has not been tried for the murder. A jury is yet to be selected in the case.

The rule in this State is that a present hostile sentiment against an accused, extending throughout the entire county in which he is brought to trial, is good cause for removing the case to another county. *State v. Sette*, ____ W.Va. ____, 242 S.E.2d 464 (1978); *State v. Dandy*, 151 W.Va. 547, 153 S.E.2d 507 (1967); *State v. Siers*, 103 W.Va. 30, 136 S.E. 503 (1927).

The proper forum for determination of whether a change of venue is warranted is the trial court. Rulings on motions for change of venue necessarily involve an exercise of discretion by the trial court. Ordinarily the correctness of such discretionary rulings can be challenged only when the entire record is before the appellate court. *Woodall v. Laurita*, 156 W.Va. 707, 195 S.E.2d 717 (1973).

Where prohibition is sought to restrain a trial court from the abuse of its legitimate powers, rather than to challenge its jurisdiction, the appellate court will review each case on its own particular facts to determine whether a remedy by appeal is both available and adequate, and only if the appellate court determines that the abuse of powers is so flagrant and violative as to make a remedy by appeal inadequate, will a writ of prohibition issue. *Woodall v. Laurita, supra*.

The trial judge in the case before us, in exercising his discretion in ruling on the relator's motions concluded that the newspaper articles filed by the relator in support of his motions represented basic newspaper reporting of events surrounding the apprehension and trial of the relator and his brother. The judge also found that the affidavits filed failed to demonstrate that hostile sentiment was so widespread throughout Wood County as to prevent the relator from obtaining a fair trial.

We cannot conclude from the record before us in this prohibition proceeding that the trial court's denial of the relator's motions was so flagrant and violative of the relator's rights as to make a remedy by appeal inadequate.

For this reason the writ of prohibition prayed for by the relator is hereby denied, and the rule heretofore ordered is discharged.

*Writ denied.*