328 S.E.2d 187

**STATE of West Virginia,**

v.

**Robert Gordon GINANNI.**

**No. 16102.**

Supreme Court of Appeals of
West Virginia.

March 22, 1985.

---

J. Bradley Russell, Asst. Atty. Gen., Charleston, for appellee.

Leo Catsonis, Charleston, William E. Kiger, Parkersburg, for appellant.

PER CURIAM:

Robert Ginanni appeals from his conviction, in the Circuit Court of Ritchie County, of sexual abuse in the first degree. The only error assigned is the failure of the trial court to grant the appellant's motion for a change of venue.

The appellant contends that the evidence presented at the hearing on his motion to change venue was sufficient to show such a present hostile sentiment against him that he could not receive a fair trial in Ritchie County. The State, on the other hand, argues that the trial court did not abuse its discretion, that a fair and impartial jury was selected and that the appellant was given a fair trial.

At a hearing on the motion, the appellant presented twenty-one witnesses, and the State presented three witnesses. After identifying the location of their residences within Ritchie County, the appellant's witnesses were asked whether they had knowledge of the appellant's reputation in Ritchie County for being a law-abiding person. Those responding in the affirmative were then asked what that reputation was. Four witnesses answered that they did not know appellant's reputation. Of the 17 remaining witnesses, two said the appellant

had a reputation for not being law-abiding, 14 said his reputation was bad or not good, and one said his reputation was mixed. One witness who did not know appellant's reputation gave his personal opinion that the appellant was a law-abiding person.

The appellant's bad reputation stemmed from knowledge on the part of the local citizenry of his prior criminal activity, such as spotlighting deer and an earlier sexual assault charge. The appellant had recently been on trial in Ritchie County and was convicted of sexual assault. That crime and subsequent proceedings were reported in local newspapers.

The second principal question asked of the appellant's witness was whether there was hostile sentiment, in Ritchie County, against the appellant. Fourteen witnesses testified as to their belief that there existed present hostile sentiments against the accused.

Five witnesses testified that they had heard hostile sentiments or negative comments toward the appellant in areas of Ritchie County outside the Pennsboro area, such as Harrisville, Ellenboro, Smithville, and Cairo.

Of the State's three witnesses who testified against the change of venue, the first did not know the appellant, had read about him in the newspaper, and had never heard his name in conversation. The second witness had never heard of the appellant. The last witness knew the appellant, had not heard any hostile sentiments expressed against him, and had read a newspaper article about appellant's earlier trial.

■ Of some importance in a motion for change of venue is the number of jurors who are excused for cause based on the fact that they have formed an opinion. *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234, 238 (1981); *State v. Sette*, 161 W.Va. 384, 388, 242 S.E.2d 464, 468 (1978).

Here, of the twenty-eight prospective jurors who were initially summoned, seven had already formed an opinion such that they could not render a fair and impartial verdict based solely on the evidence. These seven were all excused for cause.

One prospective juror whose ex-husband's sister was married to the appellant doubted she could be fair and was also excused for cause. Two more prospective jurors were called. One had formed an opinion and was excused.

Individual *voir dire* in chambers was permitted. Defense counsel and the prosecuting attorney directly questioned the members of the venire. As a result of the individual questioning, two more prospective jurors were excused, one because he would give greater weight to the testimony of witnesses with whom he was acquainted; and the second because his sister-in-law was a prospective State's witness.

Of the remaining 19, all, save one, had heard about the present case or prior cases, through newspaper reports or conversations, or had heard of the appellant's bad reputation. One prospective juror had heard of the appellant and believed he had a good reputation.

After eleven of the first thirty were struck for cause, nine additional persons were summoned. There was no extensive interrogation of this last group. The panel from which the jury was ultimately selected contained two persons, objectionable to the defense, whom the trial court refused to strike for cause.

In the midst of the *voir dire*, defense counsel renewed the motion for a change of venue. The trial court denied the motion, stating: "Well, if we cannot pick a jury, it will certainly have to be transferred. I do not think that is apparent, yet. . . ."

Following the individual *voir dire*, the motion was again renewed by defense counsel who cited the testimony at the change of venue hearing, and knowledge of the case and of the appellant's reputation which was revealed by almost all of the prospective jurors. The court again denied the motion and recessed until the following morning when the final group of jurors would be summoned and the selection process would continue.

A change of venue is grounded in Article III § 14 of the *W. Va. Const.* which provides for removal of a criminal trial to a

county other than the one in which the alleged offense was committed, "upon petition of the accused, and for good cause shown." *See W.Va.Code*, 62–3–13 [1923].

■ In syllabus point 2 of *State v. Williams*, 172 W.Va. 295, 305 S.E.2d 251 (1983), we held:

'To warrant a change of venue in a criminal case, there must be a showing of good cause therefor, the burden of which rests on the defendant, the only person who, in any such case, is entitled to a change of venue. The good cause aforesaid must exist at the time application for a change of venue is made. Whether, on the showing made, a change of venue will be ordered, rests in the sound discretion of the trial court; and its ruling thereon will not be disturbed, unless it clearly appears that the discretion aforesaid has been abused.' Syl. pt. 2, *State v. Wooldridge*, 129 W.Va. 448, 40 S.E.2d 899 (1946).

■ Syllabus point 1 of *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978) defines "good cause shown":

'Good cause shown' for a change of venue, as the phrase is used in W.Va. Constitution, Article III, Section 14 and *W.Va.Code*, 62–3–13, means proof that a defendant cannot get a fair trial in the county where the offense occurred because of the existence of locally extensive present hostile sentiment against him.

The "good cause" standard is built into Rule 21(a) of the *West Virginia Rules of Criminal Procedure*, which provides:

The circuit court upon motion of the defendant shall order the proceedings transferred as to him to another county if the circuit court is satisfied that there exists in the county where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial at the place fixed by law for holding the trial.

■ "The fact that a jury free from exception can be impanelled is not conclusive, on a motion for a change of venue, that prejudice does not exist, endangering a fair trial, and will not justify the court in refusing to receive other evidence to support such motion." Syllabus, *State v. Flaherty*, 42 W.Va. 240, 24 S.E. 885 (1896); Syl. pt. 1, *State v. Dandy*, 151 W.Va. 547, 153 S.E.2d 507 (1967). *See also State v. Siers*, 103 W.Va. 30, 33, 136 S.E. 503 (1927).

The trial court stated three reasons for denying the motion to change venue: (1) no witness had testified that the appellant could not get a fair trial in Ritchie County; (2) the evidence did not show hostile sentiment against the accused outside the Pennsboro area; and (3) an impartial jury had been selected in a prior Ritchie County trial, in which the appellant was defendant.

■ None of these reasons is proper justification for refusing to change venue. First, it is not necessary for witnesses at a venue hearing to declare their belief or express their opinion that the accused cannot get a fair trial in the county where the prosecution is taking place. This ultimate legal conclusion is to be determined by the court upon hearing and assessing all the evidence presented. The witnesses all testified according to their knowledge of the appellant's reputation and of the existence of hostility or prejudice against the defendant. This inquiry was obviously directed at the fairness of the impending trial.

■ Second, our review of the record discloses evidence of hostile sentiment beyond the immediate area of appellant's home community of Pennsboro. The evidence was sufficient to show "the existence of locally extensive present hostile sentiment against [the accused]." *State v. Pratt, supra.*

■ Third, it is immaterial that an impartial jury had been selected in a prior trial. This fact has no bearing on whether there is hostile sentiment against the appellant at the time of the current trial. "The good cause ... must exist at the time application for a change of venue is made." *State v. Williams, supra.* Indeed, it is probable that general knowledge and publicity concerning the earlier trial may have contributed to the prejudice against the appellant.

Finally, we note that the State's brief focuses almost exclusively on the selection of an impartial jury as a justification for holding the trial in Ritchie County. We note also that the motion was twice renewed during *voir dire*. As we have repeatedly held: "The fact that a jury free from exception can be impanelled is not conclusive, on a motion for a change of venue, that prejudice does not exist, endangering a fair trial...." *State v. Flaherty, supra; State v. Dandy, supra; State v. Siers,* supra.

For the foregoing reasons, we hold that the trial court erred in denying the motion to change venue. Therefore, the appellant's conviction of sexual abuse in the first degree is reversed, and this case is remanded to the Circuit Court of Ritchie County for a new trial. If appellant applies again for a change of venue, consideration of such motion must be guided by the principle that good cause must exist at the time application for a change of venue is made.

Reversed and remanded.

McHUGH, J., dissents for the reason that the trial judge did not abuse his discretion in denying the motion to change venue.